OPINION
{¶ 1} This is an appeal from a final judgment of the domestic relations division of the court of common pleas.
 {¶ 2} Paul W. Lemaster and Dari A. Lemaster, nka Wise, were married in 1978. Three children were born of the marriage. The last was born at Miami Valley Hospital, in Dayton, in 1985. The cost of the hospital stay was $12,539.60. On May 17, 1985, Paul[1] agreed to pay the hospital two hundred and fifty dollars each month on the obligation until it was paid.
 {¶ 3} The parties' marriage was terminated by a decree of dissolution on September 1, 1987. Their separation agreement, which was incorporated into the decree, provides that Paul would pay all marital debts.
 {¶ 4} Paul failed to pay the obligation to Miami Valley Hospital as he had agreed. On November 20, 1989, the hospital filed a judgment lien against Paul and Dari, jointly, for the amount of the debt they owed.
 {¶ 5} Dari discovered the hospital's lien in the course of seeking new financing several years later. By 2002, the amount of the debt plus interest had risen to thirty four thousand dollars. That same year, Dari obtained a release of the lien in her favor upon paying ten thousand dollars to Miami Valley Hospital.
 {¶ 6} Dari filed charges in contempt against Paul, alleging his failure to pay the hospital bill, which was a marital debt he is required by the decree of dissolution to pay. She also sought reimbursement of the ten thousand dollars she had paid the hospital.
 {¶ 7} Paul responded, denying the obligation and asking the court to vacate the part of the decree requiring him to pay marital debts, per Civ.R. 60(B).
 {¶ 8} The matter was referred to a magistrate, who found that Paul was aware of the debt when it was incurred and granted Dari's motion. Paul was ordered to pay Dari two hundred dollars per month toward the ten thousand dollars she had paid. Paul's Civ.R. 60(B) motion was denied.
 {¶ 9} Paul filed objections to the magistrate's decision. The court overruled the objections and adopted the magistrate's decision. Paul filed a timely notice of appeal
First Assignment of Error
 {¶ 10} "The trial court abused its discretion by finding that the appellant is not entitled to relief from the debt provision of the agreement pursuant to Civ.R. 60(B)."
 {¶ 11} "To prevail on a motion for relief from a final judgment, order or proceeding, the movant must demonstrate that he has a meritorious defense or claim to present if relief is granted, that he is entitled to relief under one of the grounds stated in the five subsections of the pertinent rule, and that the motion is made within a reasonable time and, where the grounds of relief are one of the first three subsections, not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Electric, Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, paragraph 2 of the syllabus.
 {¶ 12} Paul argues that he is entitled to relief pursuant to Civ.R. 60(B)(5). He contends that relief from his obligation to pay the marital debts is proper because the existence of the debt owed to Miami Valley Hospital is not reflected in the parties' separation agreement, which purported to identify all debts they owed. In support of his argument, Paul relies on In re Murphy (1983), 10 Ohio App 3d 134.
 {¶ 13} In Murphy, a husband had concealed marital assets owned in his name from his wife when they signed their separation agreement. Some years later, the former wife sought to vacate the property division provisions of their dissolution decree incorporating the agreement. The First District Court of Appeals held that the decree of dissolution should be vacated pursuant to Civ.R. 60(B)(5). The court reasoned that the decree was voidable for failure to comply with the requirement imposed by R.C. 3105.63 that separation agreements incorporated into a decree of dissolution "shall provide for a division of all property."
 {¶ 14} The facts before us differ from those of Murphy in at least two ways. First, as the trial court found, Paul was aware of the debt the parties owed Miami Valley Hospital when they signed their separation agreement in 1987. Paul's contention that he was unaware of the judgment that the hospital obtained in 1989 until Dari filed her charges in 2002 in contempt does not demonstrate that he was unaware of the existence and amount of debt itself when the marriage was dissolved in 1987. Indeed, two years before that, in 1985, Paul signed an agreement with the hospital to pay the debt. No concealment is shown.
 {¶ 15} The second way in which these facts differ from those inMurphy is with respect to the obligation involved. Unlike marital property, the domestic relations courts are not charged by law to divide marital debt. R.C 3105.63 makes no mention of marital debt with respect to separation agreements incorporated in dissolution decrees. Neither is a division or assignment of debt required by R.C. 3105.171 in decrees of divorce. Division of joint debt is advisable to disentangle the parties' economic partnership so as to create a conclusion and finality to their marriage. Hoyt v. Hoyt (1990), 53 Ohio St.3d 177. However, the failure to do that does not render a decree of divorce or dissolution voidable. Absent an assignment to the other spouse, a debt obligation remains as it is owed.
 {¶ 16} The obligation to Miami Valley Hospital was a marital debt because it was incurred during the marriage and for marital purposes. It was a joint obligation of both parties. When Paul agreed to pay all marital debts, and the court ordered him to do that, the obligation became his. The fact that the separation agreement fails to identify the obligation as one of the marital debts Paul assumed and was ordered to pay does not relieve Paul of his obligation to pay it, inasmuch as he was aware fully of the debt when he agreed to pay it.
 {¶ 17} On this record, Paul is not entitled to the Civ.R. 60(B) relief he sought. The first assignment of error is overruled.
Second Assignment of Error
 {¶ 18} "The trial court erred and abused its discretion by finding that the appellant is not entitled to relief from the debt provision of the agreement pursuant to modification of the agreement."
 {¶ 19} The separation agreement provides that "[T]he parties agree that a failure of complete disclosure shall be grounds for amendment of the terms of this Agreement in favor of the misled party."
 {¶ 20} Once incorporated into a judicial decree of dissolution, a separation agreement loses its separate identity as a contract. Thereafter, the contractual rights and duties imposed are enforceable only as relief granted by the decree. And, any request to vacate the decree on account of a failure of one or both of the parties to perform as promised in the separation agreement must satisfy one of the equitable grounds for relief in Civ.R. 60(B)(1)-(5).
 {¶ 21} Dari testified that she was unaware of the debt owed Miami Valley Hospital when she signed the separation agreement in 1987. (T. 21). Paul's argument that he was unaware of the "debt" because a judgment had not then been obtained by the hospital is disingenuous. The record is clear that he had signed an agreement with the hospital to pay the debt in 1985. The fact that he was aware of it when the separation agreement was signed in 1987 supports the trial court's conclusion that he was not "misled" when he signed the separation agreement. Any failure to disclose chargeable to Dari is equally chargeable to Paul, if not even more so. To now relieve Paul of his voluntary obligation is a claim that finds no support in the grounds for relief offered by Civ.R. 60(B)(1)-(5).
 {¶ 22} The second assignment of error is overruled.
Third Assignment of Error
 {¶ 23} "The trial court's finding that the appellant is 100% responsible for the debt is an abuse of discretion and an abuse of the trial court's equitable powers."
 {¶ 24} Paul argues that he should not be responsible for the ten thousand dollar portion of the debt Dari paid Miami Valley Hospital because the payment she made created a separate obligation in her favor he must pay, in addition to what Paul yet owes the hospital.
 {¶ 25} Inherent in Paul's assumption of the joint debt obligation was a promise to hold Dari harmless on any joint debt obligation she is required to pay. The requirement that he do so is relief granted by the decree. Paul's failure to pay the hospital created a circumstance that required Dari to pay a portion of the joint debt Paul was obligated to pay. The fact that Paul was not a party to Dari's agreement with the hospital in no way affects his obligations, either to the hospital per his agreement with it or to Dari per the decree.
 {¶ 26} The third assignment of error is overruled.
Fourth Assignment of Error
 {¶ 27} "The trial court erred and abused its discretion by granting the appellee $250 in attorney fees."
 {¶ 28} Dari's motion in contempt asked for an award of attorney fees. The court awarded her two hundred and fifty dollars. However, there is no evidence concerning the amount of attorney fees Dari either incurred or paid in prosecuting her motion.
 {¶ 29} We have held that, with respect to a nominal award of two hundred and fifty dollars, evidence of the reasonableness of an attorney fee award is not required. Schaefer v. Schaefer, Greene App. No. 03-CA-0085, 2004-Ohio-2956. The presumption of reasonableness does not likewise support an award absent evidence that any fees were charged or are owed. Therefore, the attorney fee award must be reversed for a failure of proof.
 {¶ 30} The fourth assignment of error is sustained.
 {¶ 31} The order from which this appeal was taken will be affirmed, except for the award of attorney fees, which will be reversed and vacated.
Brogan, P.J. And Donovan, J., concur.
[1] For clarity and convenience, the parties are identified by their first names.