OPINION
{¶ 1} In the instant appeal, submitted on the record and briefs of the parties, petitioner-appellant, Larry C. Means, appeals from the judgment of the Trumbull County Court of Common Pleas, Domestic Relations Division, denying his motion for relief from judgment, pursuant to Civ.R. 60(B). For the foregoing reasons, we affirm the judgment of the lower court.
 {¶ 2} Appellant was married to petitioner-appellee, Veronica Means, on October 17, 1992, in Niles, Ohio. At the time they were married, appellee was 46 and appellant was 53 years of age, respectively. Appellee is a homemaker and appellant is retired. No children were issue of the marriage.
 {¶ 3} On March 24, 2003, both parties petitioned for dissolution of the marriage. Pursuant to the dissolution, the parties entered into a separation agreement. Appellant was not represented by an attorney, although he was advised to do so by counsel for appellee. Accordingly, the parties signed an "Acknowledgment of Legal Representation on Dissolution of Marriage," which was filed with the Domestic Relations Court on the same day. Attached to the petition for dissolution was the Separation Agreement, which was executed by both parties on March 17, 2003. The terms of the separation agreement contained the following two articles, which are central to the current dispute:
 {¶ 4} "ARTICLE 3: DEBTS
 {¶ 5} Petitioner/Husband shall pay to Petitioner/Wife the sum of Four Hundred Eight Dollars ($408.00) per month to be applied towards marital debt. The Payment shall be paid to Petitioner/Wife by the 25th of each month, beginning April 25, 2003. This payment shall terminate upon Petitioner/Wife's remarriage, her death, or Petitioner/Husband's death.
 {¶ 6} "ARTICLE 6: ASBESTOS CLAIM
 {¶ 7} Any asbestos settlement that Petitioner/Husband receives shall be divided one-half to each party. The attorney handling the asbestos settlement shall divide the asbestos settlement between the Petitioner/Husband and Petitioner/Wife. If this is not possible[,] then the Petitioner/Husband shall deliver to Petitioner/Wife her one-half proceeds from the asbestos settlement within twenty-four (24) hours of his receipt of the proceeds.
 {¶ 8} "ARTICLE 8: COMPLETE SETTLEMENT
 {¶ 9} This agreement shall be a full and complete settlement of all spousal support and property rights between the parties, each of whom does by the provision hereof, release, satisfy and discharge all claims and demands against the other including rights of dower, inheritance, descent and distribution, exemption from administration, all rights of surviving spouse, heir, legatee, and next of kin in the estate of the other, and in all property which each now owns or may hereafter acquire except as herein provided."
 {¶ 10} On May 15, 2003, following a hearing, the domestic relations court granted a Decree of Dissolution, and incorporated the Separation Agreement as part of the decree. Appellant did not appeal the domestic relations court's judgment granting the dissolution.
 {¶ 11} On May 3, 2004, appellant filed a Motion for Relief from Judgment, pursuant to Civ.R. 60(B). On October 28, 2004, the court denied appellant's motion without a hearing, finding that since the Separation Agreement contained no reservation of jurisdiction, the court was without authority to grant appellant's motion.
 {¶ 12} Appellant timely appealed, asserting two assignments of error:
 {¶ 13} "[1.] It was an error of law and abuse of the trial court's discretion to adopt a provision in a separation agreement which required husband to pay to wife $408.00 per month to be applied toward marital debt[,] which shall terminate only upon wife's remarriage or death and, when the amount of the debt is unspecified.
 {¶ 14} "[2.] It was an error of law and an abuse of the trial court's discretion to adopt a provision of the separation agreement which awards wife one-half of husband's asbestos claim when there is not determination as to whether that claim is his separate property and further, whether a distributive award therefrom is appropriate."
 {¶ 15} In his first assignment of error, appellant attacks the debt payment provision of Article 3 of the separation agreement. Appellant contends that the failure of the separation agreement to quantify the value of the "marital debt" forming the basis of the $408.00 monthly payment is a fatal flaw justifying relief from judgment. In the alternative, appellant argues that the $408.00 monthly payment, suggests a payment in the nature of spousal support, rather than a repayment of "marital debt," and, as such, the trial court erred by failing to consider the factors enunciated in R.C. 3105.18(C)(1) before approving the "support payment." In his second assignment of error, appellant argues that the provision in Article 6 awarding appellee one half of any prospective asbestos claim paid to appellant, is inequitable, since it fails to separate the possible separate property and marital property components of the award. Since both of appellant's assignments of error challenge the court's denial of his Civ.R. 60(B) motion, they will be analyzed together.
 {¶ 16} Rule 60(B) provides, in relevant part, that "[o]n motion and upon such terms as are just, the court may relieve a party * * * from a final judgment * * * for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial * * *; (3) fraud * * *, misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released, or discharged, * * * or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from judgment."
 {¶ 17} To succeed on a Rule 60(B) motion, the movant must demonstrate that: 1) he or she has a meritorious defense or claim if relief were granted; 2) the movant is entitled to relief under one of the grounds enumerated in Civ.R. 60(B)(1)-(5); and 3) the motion is made within a reasonable time, not to exceed one year where the grounds for relief are Rule 60(B)(1), (2) or (3). GTE Automatic Elec., Inc. v. ARC Indus., Inc.
(1976), 47 Ohio St.2d 146, 150-151. In addition, in order to prevail, a movant must demonstrate these three factors must be demonstrated by affidavit or other evidentiary material, such as those contemplated by Civ.R. 56. CIT Financial Servs. v. Lazzano (Jun. 26, 1980), 8th Dist. No. 40606, 1980 Ohio App. LEXIS 12096, at *3, cf. Kay v. Marc Glassman,Inc. 76 Ohio St.3d 18, 20, 1996-Ohio-430 ("Although a movant is not required to support his motion with evidentiary materials, the movant must do more than make bare allegations that he or she is entitled to relief.") (Emphasis added). Rule 60(B) "seeks a balance between the need for finality and the need for fair and equitable decisions based upon full and accurate information." In re Whitman, 81 Ohio St.3d 239, 242, 1998-Ohio-466. As a remedial rule, Rule 60(B) is to be liberally construed. Colley v. Bazell (1980), 64 Ohio St.2d 243, 248. The determination of whether to grant a movant's 60(B) motion is within the discretion of the trial court, Whitman, 81 Ohio St.3d at 242, and will not be overturned absent an abuse of discretion. Taylor v. Haven (1993),91 Ohio App.3d 846, 849; McCann v. Lakewood, (1994),95 Ohio App.3d 226, 235. An abuse of discretion consists of more than an error of law or judgment. Rather, it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Berk v. Matthews (1990),53 Ohio St.3d 161, 169 (citation omitted).
 {¶ 18} In Ohio, an action for dissolution under R.C. 3105.61 et seq. is a form of no-fault divorce where the court can terminate a marriage pursuant to the mutual request of the parties. Knapp v. Knapp (1986),24 Ohio St.3d 141, 144. "[M]utual consent is the cornerstone of our dissolution law." Id. As such, "[a]greement between spouses is the linchpin of the procedure," and the petition must incorporate a separation agreement, which "delineate[s] the disposition of all property, set[s] forth the terms and amount of alimony (if any) and, if there are minor children * * * provide for child custody, visitation, and support." In re Adams (1989), 45 Ohio St.3d 219, 220; R.C. 3105.63. Furthermore, "[a] court has no jurisdiction to grant a dissolution unless the parties have entered into a separation agreement either providing for alimony, or providing that none shall be paid." McClain v. McClain
(1984), 15 Ohio St.3d 289, 290.
 {¶ 19} Once the separation agreement is executed, both parties must appear before the court, verify that each entered into the agreement voluntarily and that both are satisfied with the terms of the agreement, and that they seek dissolution of the marriage. Adams,45 Ohio St.3d at 220; R.C. 3105.64. The court may validate a dissolution and grant a decree, "[o]nly if both parties are completely in accord" in assenting to the dissolution and the terms of the agreement. In theMatter of Ord (Oct. 29, 1982), 2nd Dist. No. 1061, 1982 Ohio App. LEXIS 13644, at *12. In this case, the domestic relations court's judgment entry granting dissolution clearly states that "both parties appeared before the court at [the] hearing and acknowledged under oath that they voluntarily entered into the Separation Agreement appended to the petition and sought dissolution of their marriage, and that the facts set forth in the petition are true."
 {¶ 20} The separation agreement is subject to the rules of construction of other contracts, and will be interpreted "so as to carry out the intent of the parties," and unambiguous terms will be given their ordinary meaning. Forstner v. Forstner (1990), 68 Ohio App.3d 367, 372
(citation omitted). We find the terms of the separation agreement to be unambiguous. Thus, we conclude that it was the intent of the parties to provide for a $408.00 per month payment for marital debt until such time as appellee remarries or dies or appellant dies, and that appellant agreed to pay one half of any settlement forthcoming from his asbestos claim. There is no requirement that the marital assets be divided equally in a settlement agreement, nor is the trial court under any duty to assess whether the terms of the property settlement agreement are equitable. Perko v. Perko, 11th Dist. Nos. 2001-G-2403, 2002-G-2435, 2002-G-2436, 2003-Ohio-1877, at ¶ 28 (citations omitted). Moreover, "[n]either a change of heart nor poor legal advice is a ground to set aside a settlement agreement." Walther v. Watlher (1995),102 Ohio App.3d 378, 383.
 {¶ 21} In our review of the record, we note that appellant has failed to offer any transcript of the dissolution proceeding pursuant to App.R. 9, and therefore, we must presume the regularity of the lower court's proceedings and the validity of its judgment. Lambert v. Lambert, 11th Dist. No. 2004-P-0057, 2005-Ohio-2259, at ¶ 18 (citations omitted). As stated earlier, the record before us reveals that appellant did not appeal the decision of the domestic relations court granting the dissolution. It is well-settled that Civ.R. 60(B) is not a substitute for a timely appeal. Steadley v. Montanya (1981), 67 Ohio St.2d 297, 299
(citation omitted).
 {¶ 22} Despite appellant's assertions, we find no evidence in the record which would establish a prima facie case for relief under 60(B)(5). "[T]he rarely used catch-all provision set forth in Civ.R. 60(B)(5) does not apply to grant relief * * * where no changed circumstances have taken place between the time of previous final judgment and the motion for relief from judgment." McCutcheon v.McCutcheon (May 27, 1976), 10th Dist. No. 76AP-39, 1976 Ohio App. LEXIS 6421, at *3. Furthermore, as is obvious from the language of Article 8, the agreement contained no provision for any subsequent modification to its terms. Under R.C. 3105.65, "a domestic relations court lacks jurisdiction to modify a property division in a separation agreement which has been incorporated into a degree of dissolution of marriage."Anderson v. Anderson (1984), 13 Ohio App.3d 194, 197.
 {¶ 23} For the foregoing reasons, we are not persuaded that the court abused its discretion by denying appellant relief under Civ.R. 60(B)(5). Accordingly, appellant's first and second assignments of error are without merit and we affirm the judgment of the Trumbull County Court of Common Pleas, Domestic Relations Division.
O'Toole, J., concurs, O'Neill, J., concurs in judgment only.