OPINION
{¶ 1} In the present appeal, submitted on the briefs of the parties, petitioner-appellant, Brian D. Sundstrom, appeals the judgment of the Ashtabula County Court of Common Pleas, granting petitioner-appellee, Renee B. Sundstrom's, motion to reduce to judgment a debt arising from their separation agreement. For the following reasons, we affirm the judgment of the lower court.
 {¶ 2} The basic facts are not disputed by the parties. The record indicates that Brian and Renee were married on September 2, 1995. No children were born as issue of the marriage.
 {¶ 3} On October 14, 1999, the parties petitioned the court for dissolution of their marriage. Attached to the dissolution petition, as required by R.C. 3105.63, was a separation agreement, executed on August 3, 1999, which provided for division of the marital assets and set forth the respective rights and duties of the parties.
 {¶ 4} Relevant to the appeal, Article II (A) of the agreement provided that the real estate and marital home, located at 1426 W. 6th Street, in Ashtabula, be conveyed to Renee by quit claim deed. Renee was to assume liability for the first mortgage balance of $45,000.00, for which she was obligated to pay $589 per month and hold Brian harmless.
 {¶ 5} In turn, Brian was to assume liability for a second mortgage on the residence, in the form of a home equity loan for $12,000.00, the proceeds of which were used to purchase a vehicle retained by Brian pursuant to the separation agreement. Under the agreement, Brian was obligated to repay the second mortgage at the rate of $150 per month and hold Renee harmless thereon.
 {¶ 6} Article VI of the agreement provided that "[t]his agreement shall be a full and complete settlement of all alimony and property rights between the parties." Article VII further stated that "[t]his agreement or any amendment thereto, shall be submitted to any court in which a petition for dissolution of marriage or an action between the parties for a divorce may be pending, and, if found by the court to be fair and equitable and approved or validated by the court, shall be incorporated into the final decree of said court as the order of said court." Article VIII, in turn, provided in relevant part, that "[t]his separation agreement shall be irrevocable and unchangeable unless agreed in writing by both parties."
 {¶ 7} The court held a magistrate's hearing on the petition for dissolution on November 29, 1999. On December 2, 1999, prior to the dissolution decree being entered, Brian and Renee entered into a "Sworn Statement and Agreement," which provided, in relevant part, as follows:
 {¶ 8} "Affiants state that they are currently in a pending divorce, about to be finalized, in the domestic relations division, court of common pleas [sic], Ashtabula County Case #99 DR 629, from which a certain property settlement was reached. Pursuant to said settlement, husband was to quitclaim his interest in the property and assume the balance of the second mortgage to Equicredit Corporation; wife was made responsible for the balance of the first mortgage to Equicredit Corporation and would get the property conveyed to her.
 {¶ 9} "In derogation of said agreement, the parties hereby agree as follows: Wife is to refinance the property, assuming both mortgages, while husband still quitclaims all interest in the property and reimburses wife for second mortgage [sic] with $150.00/month installment payments to be made after the refinance occurs."
 {¶ 10} The trial court, adopting the magistrate's decision, entered the decree of dissolution into judgment on December 10, 1999. The decree incorporated the Separation Agreement, but not the "Sworn Statement and Agreement," since, inexplicably, neither party submitted this document to the court for its review. Neither party appealed the dissolution.
 {¶ 11} On July 10, 2000, Brian filed a petition for relief under Chapter 7 in the United States Bankruptcy Court, Northern District of Ohio. Renee appeared before the bankruptcy court in the summer of 2002 to challenge the dischargeability of the obligation under the "Sworn Statement and Agreement." On December 31, 2003, following a hearing and stipulation from the parties that the obligation under the Sworn Statement and Agreement was not in the nature of spousal support, alimony, or maintenance, the Bankruptcy Court determined that Renee presented sufficient evidence to support a finding that the debt was non-dischargeable under 11 U.S.C. § 523(a)(15). The bankruptcy court also found that Brian did not present any evidence to rebut Renee's evidence showing the debt was non-dischargeable.
 {¶ 12} On September 8, 2004, Renee filed a "Motion to Reduce to Judgment a Debt Owed," in the Ashtabula County Court of Common Pleas, seeking recovery of the $12,000.00 debt, plus interest. On November 24, 2004, the court held a hearing and received evidence relating to Renee's motion. On January 13, 2005, the trial court granted judgment in favor of Renee. The court, in ruling on Renee's motion, found that "[t]he subsequent agreement modified the separation agreement, but clearly preserved the original intent of the parties;" that "[t]here was consideration for the modification;" and that when Renee "refinanced the property, she fulfilled her agreement to pay and hold [Brian] harmless on the first mortgage." However, since Brian "had not paid the second mortgage, * * * he had not fulfilled his part of the agreement."
 {¶ 13} On the basis of these findings, the court concluded that "the agreement dated December 2, 1999 anticipated that [Brian] would pay his obligation * * * regardless of whether [Renee] continued to own the property," and since "the bankruptcy court * * * determined that this obligation * * * was not dischargeable," the court entered judgment in favor of Renee and ordered Brian to pay the balance of $12,000.00, plus 9.8% annual interest from December 2, 1999.
 {¶ 14} Brian timely appealed the court's decision, raising two assignments of error:
 {¶ 15} "[1.] The trial court abused its discretion and erred to the prejudice of Petitioner-Appellant by granting Petitioner-Appellee judgment on a pre-dissolution decree agreement inconsistent with the terms of the parties' separation agreement incorporated into said decree.
 {¶ 16} "[2.] The trial court abused its discretion and erred to the prejudice of Petitioner-Appellant by granting Petitioner-Appellee judgment on an undisclosed, unapproved pre-dissolution decree agreement, inconsistent with and not incorporated into the final decree, on the basis that same was not dischargeable in bankruptcy."
 {¶ 17} A decision of a trial court whether or not to enforce the terms of a separation agreement is a discretionary one, and accordingly, the decision of the court will be reviewed under an abuse of discretion standard. Schneider v. Schneider (1996),110 Ohio App.3d 487, 491. Abuse of discretion is defined as that which is arbitrary, unreasonable, or unconscionable. Berk v.Matthews (1990), 53 Ohio St.3d 161, 169 (citation omitted). In most instances, an abuse of discretion will be found if a decision is found to be unreasonable. AAAA Enters., Inc. v.River Place Community Urban Redevelopment Corp. (1990),50 Ohio St.3d 157, 161. "A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue denovo, would not have found the reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result." Id.
 {¶ 18} Appellant's first and second assignments of error will be discussed together, since they together present a single determinative issue for this court's consideration, that is, whether the trial court erred and abused its discretion in concluding that the Sworn Statement of Agreement was not an impermissible modification of the Separation Agreement, but rather "preserved the original intent of the parties." We conclude that the trial court did not abuse its discretion and, accordingly, uphold its judgment.
 {¶ 19} In his first assignment of error, appellant argues that the trial court erred and abused its discretion by granting judgment in favor of appellee." Appellant maintains that the trial court did not have jurisdiction to modify an agreement of the parties regarding a division of personal property that differs from the division outlined in the agreement attached to the original decree. While we agree that a trial court would not have jurisdiction to modify a separation agreement regarding the division of personal property, under the circumstances presented herein, we conclude the trial court properly exercised jurisdiction, and reject appellant's argument.
 {¶ 20} The conundrum presented by this case involves the parties' creation of the Sworn Statement and Agreement subsequent to the hearing on the dissolution decree, but prior to the entry of the court's judgment on the matter. The sole dispute between the parties is whether or not the Sworn Statement and Agreement is unenforceable as being inconsistent with the Separation Agreement.
 {¶ 21} In Ohio, actions for dissolution under 3105.61 et seq. are a form of no fault divorce where the court can terminate a marriage pursuant to the request of the parties. In re Means,
11th Dist. No. 2004-T-1038, 2005-Ohio-6079, at ¶ 18 (citation omitted). Since the mutual agreement of the parties is the touchstone of dissolution law, the petition must incorporate a separation agreement which sets forth all the rights and duties of the parties with respect to alimony, if any, custody, visitation, support, and the division of all property. Id. citingIn re Adams (1989), 45 Ohio St.3d 219, 220; R.C. 3105.63. However, unlike a division of marital property, R.C. 3105.63 does not require an assignment of marital debt "with respect to separation agreements incorporated into dissolution decrees."Lemaster v. Lemaster, 2nd Dist. No. 04CA35, 2005-Ohio-2513, at ¶ 15. Although "[d]ivision of * * * debt is advisable to disentangle the parties' economic partnership so as to create a conclusion and finality to their marriage * * * [a]bsent an assignment to the other spouse, a debt obligation remains as it is owed." Id. (citation omitted). Thus, contrary to appellant's assertion, the assignment of debt contained in Article II of the Separation Agreement is a separate and distinct matter from a property division under R.C. 3105.63.
 {¶ 22} Settlement agreements are favored by law. Walther v.Walther (1995), 102 Ohio App.3d 378, 383. "Where parties enter into a settlement agreement in the presence of the court, such an agreement constitutes a binding contract." Id. (citation omitted). Furthermore in cases of dissolution, "[o]nce the separation agreement is executed, both parties must appear before the court, verify that each entered into the agreement voluntarily and that both are satisfied with the terms of the agreement." Means, 2005-Ohio-6079, at ¶ 19 (citation omitted). Furthermore, "[o]nce incorporated into a judicial decree of dissolution, a separation agreement loses its separate identity as a contract." Lemaster, 2005-Ohio-2513, at ¶ 20; Hoog v.Hoog (Sep. 24, 1999), 1st Dist. No. C-980977, 1999 Ohio App. LEXIS 4421, at *8, citing Greiner v. Greiner (1979),61 Ohio App.2d 88, 95.
 {¶ 23} As a general matter, following incorporation into the dissolution decree, "the contractual rights and duties imposed are enforceable only as relief granted by the decree."Lemaster, 2005-Ohio-2513, at ¶ 20.
 {¶ 24} However, we conclude the trial court did not abuse its discretion under the circumstances presented in this case. Appellant's jurisdictional arguments are unavailing. The majority of the case law relating to a court's jurisdiction over separation agreements concerns the trial court's jurisdiction to make modifications to a separation agreement, rather than its jurisdiction to enforce a modification agreed upon by theparties. See, e.g. Alban v. Alban (1981), 1 Ohio App.3d 146, at syllabus (in the absence of an express provision in the separation agreement reserving the court's jurisdiction to modify periodic alimony payments provided for in a separation agreement, a court is without jurisdiction to do so, pursuant to R.C.3105.65(B)); Leonti v. Leonti (1983), 8 Ohio App.3d 129,130-131 (a court does not retain jurisdiction to modify a separation agreement, which provides for the division and distribution of marital property); but see Hoog, 1999 Ohio App. LEXIS 4421 at *7-*8 ("[W]hile a trial court does not have the power to modify the terms of a separation agreement entered into between the parties, R.C. 3105.65(B) provides that it does have full power to enforce the provisions of such an agreement * * *.") (citation omitted).
 {¶ 25} Part of the trial court's continuing jurisdiction to enforce the provisions of a separation agreement is the court's inherent power to interpret contractual provisions. In doing so, a court is entitled to consider "not only the intent of the parties but the equities involved." Hoog, 1999 Ohio App. LEXIS 4421, at *9-*10 (citation omitted); see also, Means,2005-Ohio-6079, at ¶ 20 ("[t]he separation agreement * * * will be interpreted `so as to carry out the intent of the parties'") (citation omitted).
 {¶ 26} As an initial matter, "[p]arties to the separation agreement may modify the terms * * * by subsequent acts or agreements." Sweeney v. Sweeney (Sep. 17, 1998), 10th Dist. No. 98AP-66, 1998 Ohio App. LEXIS 4272, at *5; see also Haehn v.Haehn (May 8, 2001), 7th Dist. No. 00 CO 41, 2001 Ohio App. LEXIS 2121, at *9 (subsequent settlement agreement entered into by the parties varying payment terms under the original separation agreement was upheld as valid.) Here, the parties voluntarily entered a contract modifying the payment terms of the separation agreement. "The three main elements of a contract are offer, acceptance, and consideration." Carlisle v. T RExcavating, Inc. (1997), 123 Ohio App.3d 277, 283 (citation omitted). Here, the parties mutually agreed that Brian would reimburse Renee in return for her refinancing the marital home and assuming both the first and second mortgage "in derogation" of Article II of the separation agreement. Consideration was supplied when Renee assumed, to her detriment, responsibility for payment of the consolidated loan balance. Consideration is defined as a "bargained for" legal benefit or detriment.Kostelnik v. Helper, 96 Ohio St.3d 1, 2002-Ohio-2985, at ¶ 16.
 {¶ 27} Furthermore, we agree with the trial court that the modification agreed to by the parties in the Sworn Statement and Agreement is consistent with the original intent of the parties. The separation agreement states, "husband shall pay Home Equity Loan and the Equiloan balance of $12,000 @ $150.00 a month and
hold wife harmless thereof." The Sworn Statement and Agreement provided that "[w]ife is to refinance the property assuming both mortgages, while husband still quitclaims all interest in the property and reimburses wife for second mortgage assumption with $150.00/month installment payments to be made after the refinance occurs." Under either contract, entered into voluntarily by theparties, Brian was liable for the payment of $12,000 for the Home Equity debt. The Sworn Statement and Agreement merely changes the payee from EquiLoan to Renee, who, by consolidating the loans, assumed the debt under the condition that Brian reimburse her at the rate of $150 per month.
 {¶ 28} Undisputed evidence adduced at the hearing below showed that Brian failed to make any payments subsequent to the signing of the separation agreement, either to the mortgage company or to Renee. To allow Brian to escape liability for the debt under the Sworn Statement and Agreement would render the "hold harmless" provision of the separation agreement a dead letter. "A hold harmless agreement is `[a] contractual arrangement whereby one party assumes the liability inherent in the undertaking, thereby relieving the other party of the responsibility.'" Valhal Corp. v. Sullivan Assocs., Inc. (C.A. 3, 1994), 44 F.3d 195, 202, quoting Black's Law Dictionary 658 (5th ed. 1979). In the instant matter, failure to uphold the terms of the subsequent contract would squarely shift the burden onto Renee, a result that was not intended in either agreement.
 {¶ 29} We also find Brian's argument that the trial court's consideration of the Sworn Statement and Agreement to be a violation of the parol evidence rule to be unavailing. "The parol evidence rule is a rule of substantive law which, when applicable, defines the limits of a contract." Charles A.Burton, Inc. v. Durkee (1952), 158 Ohio St. 313, paragraph one of the syllabus. The parol evidence rule states, in relevant part, that "the parties' final written integration of their agreement may not be varied, contradicted or supplemented by evidence of prior or contemporaneous oral agreements or prior
written agreements." Galmish v. Cicchini, 90 Ohio St.3d 22, 27,2000-Ohio-7 (citation omitted) (emphasis added). Since the Sworn Statement and Agreement was a subsequent written agreement, the parol evidence rule does not apply.
 {¶ 30} In his second assignment of error, appellant argues that the trial court erred in finding that the debt was not dischargeable on the basis of the finding of the Bankruptcy Court that the debt was non-dischargeable, since it arose from the separation agreement.
 {¶ 31} Pursuant to Article IV, Section III of the Ohio Constitution, and R.C. 2501.02, appellate courts in Ohio are limited in the exercise of their appellate jurisdiction to review "questions of law to review, affirm, modify, set aside, or reverse judgments or final orders of courts of record inferiorto the court of appeals within the district." Thus, this court is without authority to review the merits of the decision of the Federal Bankruptcy Court, and this matter should have been raised on an appeal in federal court. More importantly, the issue of whether or not the debt is dischargeable for the purposes of this appeal is res judicata. Grava v. Parkman Twp.,73 Ohio St.3d 379, 382, 1995-Ohio-379 ("a valid final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.")
 {¶ 32} For the foregoing reasons, Brian's first and second assigned errors are without merit. Accordingly, we affirm the judgment of the Ashtabula County Court of Common Pleas.
Ford, P.J., Rice, J., concur.