OPINION
{¶ 1} Appellant, Donna Lorraine Shapiro, appeals the divorce decree of the Lake County Court of Common Pleas, Domestic Relations Division, granting to appellee, Robert T. Kolar, a divorce. At issue is whether the trial court erred by denying appellant's motion to adopt a proposed settlement. For the reasons that follow, we affirm. *Page 2 
 {¶ 2} The parties were married on January 12, 2005. No children were born as issue of the marriage. After nine months of marriage, on October 3, 2005, appellee filed a complaint for divorce. Attached to the complaint as an exhibit was the parties' prenuptual agreement. Appellant also filed a complaint for divorce. The cases were consolidated and, pursuant to local rule, appellant's pleading was considered an answer and counterclaim.
 {¶ 3} On December 7, 2005, a case management conference was held. On December 8, 2005, the court set the matter for pretrial on January 31, 2006 and for trial on March 1, 2006. On April 4, 2007, the trial was rescheduled for June 14, 2007.
 {¶ 4} Appellant's deposition was scheduled to be taken on Saturday, March 17, 2007 at the office of appellee's counsel. Prior to taking her deposition, the parties engaged in settlement discussions which were spread on the record.
 {¶ 5} During the March 17, 2007 conference, both parties testified concerning their understanding of the proposed settlement. Appellee testified that in order to settle all actual or potential property issues between the parties, he would pay appellant $10,000 by April 17, 2007. During appellee's testimony, appellant's counsel asked appellee for his agreement that if payment was not made within 30 days, the settlement agreement would be "null and void." Later, appellant's counsel stated an uncontested divorce hearing should not be held "until payment is made," and appellee's counsel agreed. Appellant's counsel stated, "we should have that financial transfer before the actual hearing; otherwise, we could open the door for numerous headaches." Both counsel agreed that when appellee's attorney received the $10,000 from appellee, his *Page 3 
attorney would hold it in escrow and transfer it to appellant when the uncontested divorce hearing took place.
 {¶ 6} During appellant's testimony, her attorney asked her, "You understand that this divorce will not be final until financial end [sic] is put in escrow with [appellee's counsel]," and she responded, "yes." Appellant's counsel asked appellant if, in exchange for appellee's payment of $10,000, she would "let this go forward and he'll get the divorce and you don't have to go to court," and she responded, "yes." At that point appellee's counsel objected and said, "I don't know if the Court is going to allow her not to show up." Appellant's counsel stated, "that was part of the consideration of the settlement, if the Court needs a little convincing, [then] she doesn't want to go to court."
 {¶ 7} Appellant's counsel stated, "And that, legally, if she signs off and we sign off and agree to the entry and you have an agreement, there shouldn't be any technical reason that she would have to appear." In response, appellee's counsel stated, "I have no desire to have her show up if all the paperwork we — I prepare after we put this on the record is submitted to the Court I have no desire for her to show up."
 {¶ 8} Finally, appellant's counsel advised appellant at this conference, "Your marriage will be terminated upon the receipt of funds to [appellee's counsel] and the setting of the case in front of the Court. And if at all possible, you will not have to return unless the Court tells you they want to hear yourself [sic] * * *."
 {¶ 9} Shortly after this conference, appellee's counsel advised appellant's counsel appellee no longer wanted to pursue settlement. *Page 4 
 {¶ 10} More than two months later, on May 22, 2007, appellant filed a "motion to adopt agreed judgment entry and separation agreement." In support of that motion, appellant attached the transcript of the March 17, 2007 conference in counsel's office. Appellant also attached a proposed unsigned final decree of divorce and a proposed unsigned separation agreement, which purported to recite the terms of the parties' proposed settlement. On May 30, 2007, appellee filed a "motion for an order denying defendant's motion to adopt purported separation agreement."
 {¶ 11} The trial court denied appellant's motion, finding the transcript of the March 17, 2007 conference showed the parties were engaged in settlement discussions at that time in efforts to finalize a separation agreement which would ultimately be signed by the parties. The court further found that the parties' settlement was contingent on the payment of $10,000 from appellee to appellant. The court noted that appellant's counsel stated that "if payment of $10,000 was not timely made, there would be no uncontested divorce hearing for [appellee] to proceed in." Further, the Court found the parties never filed any document acknowledging an agreement between them or advising the court that this case would be proceeding as an uncontested divorce rather than as a full-day trial.
 {¶ 12} Accordingly, the case was called for trial on June 14, 2007 at 9:00 a.m. Appellee and his attorney and appellant's attorney appeared for trial, but appellant failed to attend. The trial court waited for appellant to appear until 10:10 a.m., and, when she had not appeared by that time, began the trial. At that time appellant's counsel advised the court, "I just want to report that we diligently advised our client of the necessity for *Page 5 
her to be here." He said his secretary had called appellant 15 minutes ago, and appellant told her she was in Florida and would not attend the trial. Appellant's counsel did not request a continuance either by written motion or orally at trial and did not object to the trial proceeding. Instead, he actively participated in the trial.
 {¶ 13} The parties' counsel stipulated to incompatibility. Following testimony from appellee, his attorney on the issue of attorney fees, and appraiser Julian Vanni, the court entered a judgment entry on July 11, 2007, which included its findings and orders. The court found the parties' prenuptual agreement to be valid and enforceable. That agreement listed the assets each party had brought to the marriage, including appellee's real estate. The court found such assets would remain the separate property of each party. Because the parties had been living in a de facto marital relationship pendent lite, the trial court vacated the temporary spousal support order. Appellant does not challenge this ruling in her appellate brief. Further, the court found that, because appellant had voluntarily absented herself from the trial, she undermined her attorneys' ability to present evidence as to the statutory factors for spousal support. Because the marriage was of short duration; appellant was self-sufficient prior to the marriage; and appellant had no children to care for, the court found spousal support was not appropriate. However, the court ordered appellee to pay any uninsured medical expenses appellant had incurred through June 14, 2007 as an award of spousal support. Other than those expenses, the court found each party would be responsible for his or her own individual debt incurred during the marriage. The court *Page 6 
ordered appellee's counsel to prepare the final divorce decree, which was entered by the court on August 13, 2007.
 {¶ 14} Appellant appeals the court's divorce decree, assigning five errors. Appellant's first and third assignments of error are interrelated and assert as follows:
 {¶ 15} "[1] THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT BY REFUSING TO RECOGNIZE THE FULL SETTLEMENT OF THE PARTIES MADE ON MARCH 17, 2007 WITH THE PARTIES AND COUNSEL PRESENT AND SETTLEMENT FULLY RECORDED AND TRANSCRIBED BY A COURT REPORTER AND FILED WITH THE COURT.
 {¶ 16} "[3.] THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT BY ALLOWING PLAINTIFF-APPELLEE TO RESCIND THE PARTIES' SETTLEMENT AGREEMENT CONTRACT VIA PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION TO ADOPT SETTLEMENT."
 {¶ 17} Because the foregoing assignments of error are interrelated, they will be considered together. Under these assigned errors, appellant argues the trial court erred by refusing to adopt the parties' settlement agreement allegedly reached at the office of appellee's counsel prior to taking appellant's deposition. Because we hold the purported settlement is not a binding contract, we do not agree.
 {¶ 18} We first address the standard of review applicable to rulings on a motion to enforce a settlement agreement. "Because it is an issue of contract law, Ohio appellate courts `must determine whether the trial court's order is based on an erroneous standard or a misconstruction of the law. The standard of review is whether *Page 7 
or not the trial court erred.'" Lepole v. Long John Silver's, 11th Dist. No. 2003-P-0020, 2003-Ohio-7198, at ¶ 14, citing Continental W.Condominium Unit Owners Ass'n v. Howard E. Ferguson, Inc.,74 Ohio St.3d 501, 502, 1996-Ohio-158; Cembex Care Solutions, LLC v. Gockerman, 1st Dist. No. C-050623, 2006-Ohio-3173, at ¶ 8.
 {¶ 19} In domestic relations cases, prior to incorporation by the court, a separation agreement is a contract between the parties, and the proper method of enforcement is a breach of contract action.Gartland v. Gartland, 11th Dist. No. 2001-T-0063, 2002-Ohio-5160, at ¶ 15. "`[O]nce the separation agreement is executed, both parties must appear before the court, verify that each entered into the agreement voluntarily and that both are satisfied with the terms of the agreement.'" In re Sundstrom, 11th Dist. No. 2005-A-0013, 2006-Ohio-486, at ¶ 22, quoting In re Means, 11th Dist. No. 2004-T-1038,2005-Ohio-6079, at ¶ 19. "Furthermore, `once incorporated into a judicial decree of dissolution, a separation agreement loses its separate identity as a contract.'" Sundstrom, supra. "A decision of a trial court whether or not to enforce the terms of a separation agreement is a discretionary one, and accordingly, the decision of the court will be reviewed under an abuse of discretion standard." Id at ¶ 17. Because the subject settlement was never incorporated by the parties in an executed separation agreement or by the trial court in a judgment entry, the issue on appeal is whether the parties entered a binding settlement agreement. The appellate standard of review is therefore de novo. Lepole, supra.
 {¶ 20} We are asked to consider whether the trial court erred in finding the parties' settlement discussions did not result in a binding contract. *Page 8 
 {¶ 21} It is well-established that "[w]here the parties in an action * * * voluntarily enter into an oral settlement agreement in the presenceof the court, such agreement constitutes a binding contract." (Emphasis added.) Spercel v. Sterling Industries, Inc. (1972), 31 Ohio St.2d 36, paragraph one of the syllabus; accord: Walther v. Walther (1995),102 Ohio App.3d 378, syllabus; Roth v. Roth, 8th Dist. No. 89141,2008-Ohio-927, at ¶ 23; Campbell v. Buzzelli, 9th Dist. No. 07CA0048-M,2008-Ohio-725, at ¶ 8.
 {¶ 22} This court has held: "Ordinarily, an in-court settlement binds the parties, even if they do not reduce it to writing."Triozzi-Hartman v. Hartman, 11th Dist. No. 2006-G-2701, 2007-Ohio-5781, at ¶ 9, citing Spercel, supra.
 {¶ 23} "Where the settlement agreement is arrived at by the parties in open court and preserved by being read into the record or being reduced to writing and filed, then the trial judge may * * * approve a journal entry which accurately reflects the terms of the agreement, adopting the agreement as his judgment." (Emphasis added.) Bolen v.Young (1982), 8 Ohio App.3d 36, 37.
 {¶ 24} In her motion to adopt the proposed separation agreement, appellant cited a series of cases in support of her argument that the agreement is enforceable; however, in each of those cases, the various appellate courts held that in order to be enforceable as a contract, a settlement agreement must be made "in court."
 {¶ 25} This court has defined the phrase, "in-court" agreement as an agreement that takes place "during the course of a hearing" and "in the presence of the court." Booth v. Booth, 11th Dist. No. 2002-P-0099,2004-Ohio-524. In that case this court held: *Page 9 
 {¶ 26} "It is a common practice in Ohio for parties in a contested divorce to reach an `in-court' agreement, i.e., during the course of a hearing, regarding the terms of their separation. Baldwin's Ohio Domestic Relations Law (2002), Section 9:39. Where the parties reach such an agreement in the presence of the court, the agreement constitutes a binding contract and the trial court may properly sign a judgment entry reflecting the settlement agreement." (Emphasis added.) Id. at ¶ 6.
 {¶ 27} Appellant cites Gulling v. Gulling (1990) 70 Ohio App.3d 410, for the proposition that "where the parties reach a settlement agreement * * * and the agreement is read into the record and agreed to by both parties under oath, the court may enter judgment incorporating that agreement even without the written consent of one of the parties." However, appellant omits the court's requirement in Gulling, supra, that the settlement agreement be an "in-court" settlement. The Ninth Appellate District held: "An in-court settlement agreement may be adopted by the court, incorporated into judgment entry [sic], and enforced even in the absence of written approval by one party." (Emphasis added.) Id. at 412.
 {¶ 28} The trial court noted in its June 13, 2007 judgment entry, "Herein, unlike in each of the cases cited by the Defendant [in her motion to adopt], not one document was filed with the Court acknowledging an agreement between the parties, or to this case proceeding as an uncontested divorce * * *."
 {¶ 29} According to the foregoing authority and, in particular, this court's holding in Booth, supra, in order for the parties' settlement discussions to have resulted in a binding settlement agreement, it must have been entered during the course of a hearing *Page 10 
and in the presence of the court. The obvious reason for this requirement is to impress upon the parties the solemnity, formality and binding nature of their agreement. In the case sub judice, the parties engaged in settlement discussions in the office of appellee's counsel prior to taking appellant's deposition. These discussions were not conducted during the course of a hearing or in the presence of the court. As a result, we hold the trial court did not err in finding these discussions did not result in a binding settlement agreement.
 {¶ 30} We observe that appellant's statement in her first assignment of error that the settlement agreement was "filed with the court" is misleading. The transcript of the March 17, 2007 conference was not filed contemporaneous to the conference as notice of a settlement, but rather was filed more than two months later on May 22, 2007, as an exhibit to appellant's motion to adopt the settlement.
 {¶ 31} Appellant suggests that appellee was required to file a motion to set aside the settlement agreement before the trial court could properly deny her motion to adopt the settlement. We do not agree. The sole authority cited by appellant in support of this proposition isSpercel, supra. However, in that case the Supreme Court of Ohio held: "In order to effect a rescission of a binding settlement agreement
entered into in the presence of the court, a party must file a motion to set the agreement aside." (Emphasis added.) Id. at paragraph two of the syllabus. Because we hold the parties did not enter a binding settlement agreement in the presence of the court, appellee was not required to file a motion to vacate before the court could deny appellant's motion to adopt the purported settlement agreement. *Page 11 
 {¶ 32} Further, the trial court noted in its June 13, 2007 judgment entry, "By the statements of the Defendant's own attorney, if payment of $10,000 was not timely made, there would be no uncontested divorce hearing for the Plaintiff to proceed in." The trial court found the settlement discussions were contingent on appellee's payment of $10,000 by April 17, 2007, which never occurred. The parties here agreed that if appellee did not pay $10,000, there would be no uncontested divorce hearing, i.e., there would be no separation agreement. The record clearly and indisputably demonstrates the contingent nature of the agreement. For this additional reason, we hold the trial court did not err in finding the parties' settlement discussions did not result in a binding contract. It does not escape our attention that at the March 17, 2007 conference, appellant's counsel asked appellee for his agreement that if payment was not made by April 17, 2007, the separation agreement would be "null and void."
 {¶ 33} Appellant's first and third assignments of error are not well taken.
 {¶ 34} For her second assignment of error, appellant states:
 {¶ 35} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT BY DENYING ON JUNE 13, 2007 DEFENDANT'S MOTION TO ADOPT THE PARTIES' SETTLEMENT AGREEMENT OF MARCH 17, 2007 WITHOUT HEARING."
 {¶ 36} Under her second assignment of error, appellant asserts the trial court denied her motion to adopt the purported settlement on June 13, 2007 "without hearing." However, appellant fails to present any argument in support of this assignment of error. App. R. 16(A) provides: *Page 12 
 {¶ 37} "The appellant shall include in its brief * * * all of the following: * * * (7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be provided by summary."
 {¶ 38} Because appellant fails to present any argument in support of her second assigned error, it is without merit.
 {¶ 39} We note in appellant's "Conclusion" of her appellate brief, she states she was denied an "evidentiary hearing" on her motion to adopt. However, in the trial court's June 13, 2007 ruling on appellant's motion, the court stated it had considered appellant's motion and appellee's response brief. Appellant's motion included the entire transcript of the March 17, 2007 conference, which included the testimony of appellant and appellee. The trial court therefore had before it the testimony of the parties regarding the proposed settlement. The trial court reviewed the transcript and referred to it extensively in its ruling. We fail to see why the court would be required to conduct an evidentiary hearing to again consider the same testimony. We note appellant made no proffer of evidence below and does not suggest on appeal there was any additional evidence she had to submit to the court in support of her motion. Consequently, even if there was some error in the manner in which the court considered her motion, she was not prejudiced as a result. Civ. R. 61, regarding harmless error, provides: "The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties." *Page 13 
 {¶ 40} Appellant's second assignment of error is not well taken.
 {¶ 41} Appellant states for her fourth assignment of error as follows:
 {¶ 42} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT BY PROCEEDING WITH TRIAL ON JUNE 14, 2007."
 {¶ 43} Appellant does not present any argument in support of this assignment of error, as required by App. R. 16(A). Instead, she merely cites two cases which, she states, held that a trial court "may" adopt an "in-court" settlement. Spercel, supra; Hileman v. Hileman (Jul. 26, 1999), 5th Dist. Nos. 1998CA00256 and 1998CA00257, 1999 Ohio App. LEXIS 3454. Appellant does not even attempt to explain how these cases support this assignment of error.
 {¶ 44} Because appellant presents no argument in support of this assigned error, it is without merit. However, even if we were to consider the assignment of error itself as appellant's argument, it would still be without merit. Appellant states therein that the trial court erred to her prejudice by conducting the trial on June 14, 2007. The trial had been scheduled for more than two months. The parties never advised the trial court that the case would be proceeding as an uncontested divorce, and the case therefore remained on the court's trial docket. On the morning of trial, while the court was waiting for appellant to appear, appellant's counsel informed the court that he had "diligently advised our client of the necessity for her to be here." He said he had recently learned that, despite this advice, appellant was not going to appear for trial. He told the court that his secretary had just called appellant, who advised she would not attend the trial because she was in Florida. *Page 14 
 {¶ 45} In order to avoid the trial on June 14, 2007, appellant would have had to file a motion for continuance, and that motion would have had to be granted by the court. Appellant's counsel did not file such a motion. At oral argument it was suggested appellant had orally moved the court to continue the trial. However, appellant has not referenced where in the record such oral motion was made. Our review of the entire transcript of the trial reveals appellant never orally moved for a continuance. Moreover, her attorney never objected to the court proceeding to trial. In fact, he actively participated in the trial. As a result, this assigned error is waived on appeal. State v. Awan (1986),22 Ohio St.3d 120. In any event, because appellant neither sought nor obtained a continuance of the trial, the trial court did not err in conducting the trial of this matter.
 {¶ 46} Appellant's fourth assignment of error is not well taken.
 {¶ 47} Finally, for her fifth assignment of error, appellant states:
 {¶ 48} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT BY RENDERING A JUDGMENT WHICH MADE NO REFERENCE TO THE FACT THAT THE COURT DENIED PLAINTIFF'S MOTION TO ADOPT THE SETTLEMENT AGREEMENT THE DAY BEFORE THE TRIAL ON JUNE 14, 2007."
 {¶ 49} Under this assignment of error, appellant restates verbatim her discussion of the two cases referenced under her first assignment of error. She makes no argument under this assigned error, as required by App. R. 16(A), and it is therefore without merit. *Page 15 
 {¶ 50} However, even if we were to consider the assignment of error as constituting appellant's argument, it would still be without merit. This assignment of error states that the trial court's judgment failed to refer to the fact that the court had previously denied her motion to adopt the parties' settlement agreement. Appellant does not state which judgment entry she believes should have included the reference to the court's June 13, 2007 entry. The judgment entry to which she refers is therefore not clear. However, because her assignment of error only makes sense if she is referring to the court's divorce decree, for the sake of our analysis, we will presume that is the entry to which she refers.
 {¶ 51} Appellant does not state how she was prejudiced by the failure of the divorce decree to refer to the June 13, 2007 entry, and we cannot conceive how she could have been. On June 13, 2007, the trial court entered a judgment entry denying her motion to adopt the settlement. That judgment, being interlocutory in nature, merged into the divorce decree, so there was no need for the court to repeat the substance of its June 13, 2007 judgment entry in the final judgment.
 {¶ 52} If appellant is arguing she did not have notice at trial of the court's June 13, 2007 entry, that argument would also not be well taken because she had notice of the court's entry. It is well-settled that a party in litigation is responsible for keeping track of the status of his or her case from the trial court's entries in its docket.Nalbach v. Cacioppo, 11th Dist. No. 2001-T-0062, 2002-Ohio-53, 2002 Ohio App. LEXIS 83. The court's June 13, 2007 judgment entry denying appellant's motion to adopt was *Page 16 
entered on the court's docket. Moreover, at trial the court and appellant's counsel discussed the court's June 13, 2007 judgment entry.
 {¶ 53} Appellant's fifth assignment of error is not well taken.
 {¶ 54} For the reasons stated in the Opinion of this court, the assignments of error are without merit, and it is the judgment and order of this court that the judgment of the Lake County Court of Common Pleas, Domestic Relations Division, is affirmed.
DIANE V. GRENDELL, P.J., concurs, TIMOTHY P. CANNON, J., dissents with Dissenting Opinion.