OPINION
{¶ 1} Appellant, Maria C. Triozzi-Hartman, appeals from the March 29, 2006 judgment entry of the Geauga County Court of Common Pleas, adopting the magistrate's findings regarding a settlement agreement reached by the parties.
 {¶ 2} On April 29, 2005, appellant filed a complaint for divorce against appellee, Andrew J. Hartman. The divorce was set for trial on January 19, 2006, but the parties were able to reach an agreement as to all terms of the divorce. The terms of the *Page 2 
agreement were read into the record at a hearing held before the magistrate on January 19, 2006. On January 20, 2006, the magistrate filed an order noting that the parties had reached an agreement and ordering that a proposed judgment entry be submitted within ten days of the order.
 {¶ 3} Appellant retained new counsel after the January 19, 2006 hearing, and pursuant to Civ.R. 53(D)(3)(b), filed a motion to set aside the magistrate's decision on February 9, 2006. This motion was denied by the trial court on February 27, 2006.
 {¶ 4} Pursuant to Loc.R. 8 of the Geauga County Court of Common Pleas, appellee filed a certificate of service representing that the judgment entry and shared parenting plan,[1] which was prepared by appellee, had been served on appellant on or about March 6, 2006. Loc.R. 8 requires a party who objects to the proposed judgment entry to file shortly thereafter a written statement of the objections along with her own proposed judgment entry.[2]
 {¶ 5} In his brief, appellee states that appellant filed her written objections to the proposed judgment entry by facsimile on March 23, 2006. The trial court's docket reflects that a facsimile was received from appellant's counsel on March 23, 2006, but this document is not contained in the record. According to appellee, appellant made three objections to the proposed judgment entry, two of which the trial court adopted. The trial court filed the final judgment entry on March 29, 2006. It is from this judgment entry that appellant appeals, asserting two assignments of error for our review. *Page 3 
 {¶ 6} "[1.] The trial court erred in denying [appellant's] motion to set aside, without holding an evidentiary hearing as to whether, in fact, a settlement agreement existed or whether there was a dispute as to the terms of the agreement.
 {¶ 7} "[2.] The trial court erred in failing to make a child support worksheet part of the record."
 {¶ 8} In her first assignment of error, appellant argues that the trial court erred in denying her motion to set aside, without holding an evidentiary hearing, as to whether a settlement agreement existed or whether there was a dispute as to the terms of the agreement.
 {¶ 9} Ordinarily, an in-court settlement binds the parties, even if they do not reduce it to writing. Hatlestad v. Hatlestad (Feb. 7, 1995), 4th Dist. No. 94 CA 1624, 1995 Ohio App. LEXIS 537, at 4-6; Spercel v.Sterling Industries (1972), 31 Ohio St.2d 36, paragraph one of the syllabus; Holland v. Holland (1970), 25 Ohio App.2d 98, 101.
 {¶ 10} "Where the settlement agreement is arrived at by the parties in open court and preserved by being read into the record or being reduced to writing and filed, then the trial judge may, sua sponte, approve a journal entry which accurately reflects the terms of the agreement, adopting the agreement as his judgment." Bolen v. Young (1982),8 Ohio App.3d 36, 37, citing Holland, supra.
 {¶ 11} "In the absence of allegations of fraud, duress, undue influence, or of any factual dispute concerning the existence of the terms of a settlement agreement, a court is not bound to conduct an evidentiary hearing prior to signing a journal entry reflecting the settlement agreement." Mack v. Polson Rubber Co. (1984),14 Ohio St.3d 34, syllabus. *Page 4 
 {¶ 12} Appellant alleges that the judgment entry adopted by the trial court on March 29, 2006, contains terms that are directly contradicted by the in-court testimony on January 19, 2006, and contains additional provisions which were not provided for during the hearing. Appellant filed a motion to set aside the magistrate's order, claiming that appellant was confused during the hearing. However, we cannot accept this argument as a basis for finding that the trial court erred in refusing to set aside the magistrate's order.
 {¶ 13} Appellant's motion to set aside the magistrate's decision was brought pursuant to Civ.R. 53(D)(3)(b). As an initial matter, we note that appellant's February 9, 2006 motion is procedurally deficient. Civ.R. 53(D)(3)(b)(iii) requires that objections to a magistrate's findings of fact "* * * shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding * * *." There is no indication in the record that appellant filed the transcript from the January 19, 2006 hearing with her motion to set aside the magistrate's decision.
 {¶ 14} Furthermore, appellant's motion to set aside the magistrate's decision also failed to comply with Civ.R. 53(D)(3)(b)(ii) which provides that "* * * objection[s] to a magistrate's decision shall be specific and state with particularity all grounds for objection." Pursuant to Civ.R. 53(D)(3)(b)(ii), "`* * * objections must be more than "indirectly addressed": they must be specific.'" Waddle v. Waddle (Mar. 30, 2001), 11th Dist. No. 2000-A-0016, 2001 Ohio App. LEXIS 1551, at 8, quoting Ayer v. Ayer (June 30, 2000), 1st Dist. No. C-990712, 2000 Ohio App. LEXIS 2901, at 12. Appellant's motion to set aside the magistrate's decision does not contain any specific objections to the decision. Rather, it only contends that appellant was confused during the hearing *Page 5 
and speaks in general terms of the decision not complying with the record developed at the hearing. Such a generic objection to the magistrate's decision cannot sustain a motion to set aside the decision under Civ.R. 53(D)(3)(b).
 {¶ 15} "The consequences of an objecting party failing to state an objection with particularity is that the trial court may affirm the magistrate's decision without considering the merits of the objection."Waddle at 9-10, citing Parker ex rel. Bradford v. Bicker (Aug. 9, 2000), 4th Dist. No. 99CA2648, 2000 Ohio App. LEXIS 3871, at 5. "A trial court, however, `must correct an error of law or other defect that appears on the face of the magistrate's decision.'" Id., quoting Cottle v.Cottle (Dec. 11, 1998), 11th Dist. No. 97-P-0091, 1998 Ohio App. LEXIS 5984, at 9. Our review of the transcript and the magistrate's decision as adopted by the trial court does not reveal any error of law or other defect that appears on the face of the decision. Therefore, the trial court did not abuse its discretion or otherwise err in adopting the magistrate's decision.
 {¶ 16} While arguably the transcript of the January 19, 2006 hearing does indicate there may have been some confusion between both counsel and the parties, we do not believe that such confusion is a basis for setting aside the magistrate's order. Particularly compelling is the fact that the magistrate asked appellant several times during the hearing whether she needed more time to discuss the agreement with her attorney. Appellant declined additional time to consult with her attorney. Also, the magistrate asked appellant whether she understood the agreement and whether her agreement to the terms was voluntary. Appellant answered affirmatively to these questions. Therefore, absent any evidence of fraud, duress or undue influence, *Page 6 
appellant's alleged confusion was not a sufficient basis for the trial court to set aside the magistrate's decision.
 {¶ 17} Furthermore, while it appears from appellee's brief that appellant's objections to the proposed judgment entry pursuant to the local rules may have contained more specificity than the motion to set aside the magistrate's decision, since appellant's objections of March 23, 2006 are not contained in the record, they are not before this court. Furthermore, we cannot address appellee's argument that appellant failed to follow the local rules by providing her own proposed judgment entry since the March 23, 2006 correspondence is not contained in the record. Therefore, we must simply decide whether the magistrate's decision contains any error of law on its face or is otherwise defective. As stated above, we do not find any error in the magistrate's decision.
 {¶ 18} Even assuming that appellant had met the procedural requirements to object to and/or set aside the magistrate's decision, the decision would still be upheld. Appellant cites to several portions of the judgment entry which she claims are contradicted by the testimony given at the January 19, 2006 hearing. A review of the alleged inconsistencies and the transcript of the hearing do not reveal that the magistrate deviated from the parties' agreement as stated in the record. Thus, appellant's first assignment of error is without merit.
 {¶ 19} In her second assignment of error, appellant contends that the trial court erred in failing to make a child support worksheet part of the record.
 {¶ 20} In DePalmo v. DePalmo (1997), 78 Ohio St.3d 535, the Supreme Court of Ohio held, at paragraph one of the syllabus: "[w]hether a court is establishing an initial *Page 7 
child support order or whether the court is modifying an order based on agreement between parties that does not include any order for the payment of child support, the court must apply the Child Support Guidelines as required by the standards set out in Marker v. Grimm
(1992), 65 Ohio St.3d 139 * * *." (Parallel citation omitted.)
 {¶ 21} In Marker, supra, the Supreme Court held, at paragraphs one, two and three of the syllabus:
 {¶ 22} "* * * A child support computation worksheet, required to be used by a trial court in calculating the amount of an obligor's child support obligation in accordance with R.C. 3113.215, must actually be completed and made a part of the trial court's record.
 {¶ 23} "* * * The terms of R.C. 3113.215 are mandatory in nature and must be followed literally and technically in all material respects.
 {¶ 24} "* * * Any court-ordered deviation from the applicable worksheet and the basic child support schedule must be entered by the court in its journal and must include findings of fact to support such determination."[3]
 {¶ 25} The instant matter involves an initial determination of child support. A complete record of this divorce proceeding does not include any initial determination of support using a child support computation worksheet as required. On the authority of R.C. 3119.02 andMarker, the trial court was required to complete and include in the record a child support worksheet. Because the trial court failed to do so, appellant's second assignment of error is with merit. *Page 8 
 {¶ 26} The judgment of the Geauga County Court of Common Pleas is affirmed in part, reversed in part, and the matter remanded for further proceedings consistent with this opinion.
CYNTHIA WESTCOTT RICE, P.J., DIANE V. GRENDELL, J., concur.
[1] The shared parenting plan is not a part of the record on appeal. Pursuant to this court's remand, the magistrate entered an order stating that the shared parenting plan, containing handwriting and the initials of the parties, was not presented to the court during the January 19, 2006 hearing nor was it relied upon in issuing the judgment entry. Therefore, we will not consider this document in our review.
[2] In his brief, appellee states that Geauga County Loc.R. 8 requires the objections and counter proposal to be filed within five days. Present Geauga County Loc.R. 8 allows eight days. No copy of the rule as it may have existed at the time of the proceedings below has been submitted to us.
[3] In Marker, the Supreme Court was interpreting R.C. 3113.215. R.C.3113.215 has been repealed and replaced by R.C. 3119.02, which includes language identical to the former statute concerning the responsibility of the court to calculate the amount of child support in accordance with the child support schedule and applicable worksheet. *Page 1