DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Defendant-Appellant Russell Buzzelli appeals from the judgment of the Medina County Court of Common Pleas, Domestic Relations Division, which vacated a settlement agreement and denied numerous motions that he had filed. This Court affirms in part and reverses in part.
 I {¶ 2} On June 21, 1999, Plaintiff-Appellee Erin Campbell initiated divorce proceedings against Buzzelli. Years after the parties were granted a divorce, numerous motions have kept them entangled in litigation. The most recent motions bring the matter before this Court. *Page 2 
 {¶ 3} On April 21, 2006, Buzzelli filed a motion to modify parental rights and responsibilities, child support, and tax exemptions. Buzzelli also requested an in camera interview of the parties' three children and asked the trial court to issue a restraining order. On November 7, 2006, the parties appeared for an oral hearing on the issues raised in Buzzelli's motion. Prior to that hearing, the parties drafted competing judgment entries which purported to resolve the motion in its entirety.
 {¶ 4} At the hearing, the parties jointly resolved the differences in their respective proposed entries. The parties went through the entries paragraph by paragraph, reaching an agreement on each issue. At the conclusion of that hearing, the trial court placed the parties under oath and personally addressed each litigant to ensure that they were in agreement on each of the terms discussed. Both Buzzelli and Campbell indicated that they were in agreement and that their agreement resolved the outstanding issues between them. During the hearing, Campbell's counsel agreed to draft an entry representing the parties' agreement.
 {¶ 5} After receiving the entry from Campbell's counsel, Buzzelli signed and returned it. Campbell, however, refused to sign the entry. As a result, Buzzelli filed a motion with the trial court requesting that the settlement agreement be enforced, that Campbell be found in contempt, and that the trial court journalize the parties' settlement agreement. In response, the trial court ordered that the parties submit an agreed entry by January 19, 2007. The trial *Page 3 
court noted that all pending motions would be dismissed if an entry was not filed by that date. The parties never filed an agreed entry.
 {¶ 6} On April 13, 2007, the trial court dismissed Buzzelli's April 21, 2006 motion in its entirety. The trial court then found Buzzelli's motion to enforce settlement to be moot and dismissed that motion. Finally, the trial court dismissed Buzzelli's motion for contempt and his motion requesting the settlement be journalized based upon a finding that the court could not provide the relief requested. Buzzelli timely appealed the trial court's judgment, raising three assignments of error for review. As Buzzelli's assignments of error are interrelated, we will address them together.
 II Assignment of Error Number One "THE TRIAL COURT JUDGE ERRED, AS A MATTER OF LAW, WHEN IT UNILATERALLY VACATED THE PARTIES' SETTLEMENT AGREEMENT OF NOVEMBER 9, 2006, SINCE THE SETTLEMENT AGREEMENT WAS ENTERED INTO UNDER OATH BEFORE THE COURT ON THE RECORD, READ INTO THE RECORD, AND APPROVED BY THE COURT ON THE RECORD."
 Assignment of Error Number Two "THE TRIAL COURT ERRED IN VACATING THE SETTLEMENT AGREEMENT ON NOVEMBER 9, 2006 AND IN DISMISSING BUZZELLI'S APRIL 21, 2006 MULTI-TIER[ED] MOTION ON THE BASIS THAT THE PARTIES DID NOT SUBMIT AN AGREED JUDGMENT ENTRY BY JANUARY 19, 2007."
 Assignment of Error Number Three *Page 4 "THE TRIAL COURT ABUSED IT'S (sic) DISCRETION AND ERRED IN: (1) DISMISSING APPELLANT'S MOTION TO ENFORCE SETTLEMENT, AS MOOT; (2) DISMISSING APPELLANT'S MOTIONS FOR CONTEMPT AND TO JOURNALIZE THE NOVEMBER 9, 2006 TRANSCRIPT ON THE BASIS FOR FAILING TO STATE A CAUSE OF ACTION UPON WHICH RELIEF MAY BE GRANTED; (3) TAXING COSTS TO APPELLANT THEREIN AS A RESULT OF THE TRIAL COURT'S RULING OF APRIL 13, 2007; (4) DISMISSING APPELLANT'S APRIL 21, 2006 MULTI-TIERED MOTION; AND (5) VACATING, NULLIFYING OR OTHERWISE SETTING ASIDE THE VALID SETTLEMENT AGREEMENT OF THE PARTIES."
 {¶ 7} In each of his three assignments of error, Buzzelli argues that the trial court erred in dismissing his numerous motions. We agree in part with Buzzelli's contentions.
 {¶ 8} Where parties enter into a settlement agreement in the presence of the trial court, such an agreement constitutes a binding contract.Spercel v. Sterling Industries, Inc. (1972), 31 Ohio St.2d 36, paragraph one of the syllabus. "[W]hen the parties enter into an in-court settlement agreement, so long as the court is satisfied that it was not procured by fraud, duress, overreaching or undue influence, the court has the discretion to accept it without finding it to be fair and equitable." Walther v. Walther (1995), 102 Ohio App.3d 378, 383. Furthermore, an oral settlement agreement "can be enforced by the court in those circumstances where the terms of the agreement can be established by clear and convincing evidence." Pawlowski v.Pawloski (1992), 83 Ohio App.3d 794, 799. Clear and convincing evidence is that "which will produce in the mind of the trier of facts a *Page 5 
firm belief or conviction as to the facts sought to be established."Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 9} On April 21, 2006, Buzzelli filed a motion to modify parental rights and responsibilities, child support and tax exemptions, and to have the children subjected to an in camera interview. At an oral hearing on November 9, 2006, the parties resolved each of the issues raised in Buzzelli's motion. The trial court then personally addressed each litigant to ensure that they were in agreement on the settlement. Both Buzzelli and Campbell indicated that they agreed with the settlement and that it resolved all of the outstanding issues between them. Thereafter, the parties attempted to draft a journal entry which incorporated the settlement agreement. When Campbell would not agree to a signed entry, Buzzelli filed a motion to enforce the settlement reached by the parties and requested that the trial court journalize the transcript of the parties' settlement. On January 5, 2007, the trial court informed the parties that all outstanding motions would be dismissed if a signed entry was not filed with the court. However, no entry was ever agreed upon by both parties. Consequently, on April 13, 2007, the trial court dismissed all of Buzzelli's motions on the grounds that the parties had not filed an agreed entry. We find error in this procedure.
 {¶ 10} The terms of the parties' settlement agreement are clear from the record before this Court. A transcript of the November hearing demonstrates that the parties had filed competing proposed journal entries prior to the hearing. At *Page 6 
the hearing, the parties went through the entries paragraph by paragraph and resolved each difference between the entries. Consequently, the record contains clear and convincing evidence of the terms of the parties' agreement.
 "Where parties to a case pending in court enter into a definite * * * oral settlement agreement, compromising the issues, and there being no denial of this agreement, it is the duty of the court to make the agreement the judgment of the court and thereby terminate the litigation." (Emphasis added.) Spercel, 31 Ohio St.2d at 39, quoting Herndon v. Herndon (1971), 227 Ga. 781, 784.
In the instant matter, Campbell has never denied that she accepted the terms of the settlement agreement. Rather, she has asserted that she later changed her mind about the terms due to a change in circumstances.[1]
 {¶ 11} Contrary to the holding in Spercel, however, the trial court refused to make the parties' settlement a judgment of the court. While we understand the trial court's frustration with the parties' inability to file an agreed upon entry, such inaction by the parties does not grant the trial court authority to ignore their settlement agreement. As noted above, such an agreement is a binding contract. As such, Buzzelli was within his rights to seek enforcement of that contract. The trial court, therefore, erred when it dismissed his motion to enforce based solely upon the parties' failure to file an agreed judgment entry.
 {¶ 12} This Court, however, finds no error in the trial court's dismissal of Buzzelli's April 21, 2006 motion. As noted above, the parties' settlement *Page 7 
agreement resolved each of the issues contained in that motion. As a result, the motion was moot following the settlement agreement and therefore properly dismissed by the trial court. As detailed herein, Buzzelli's proper course of action was to seek enforcement of the parties' settlement agreement.
 {¶ 13} Buzzelli's assignments of error have merit as detailed above.
 III {¶ 14} Buzzelli's assignments of error are sustained in part and overruled in part as detailed herein. The judgment of the Medina County Court of Common Pleas, Domestic Relations Division, is affirmed in part, reversed in part, and the cause is remanded with instructions that the trial court journalize the parties' settlement agreement in accord with the terms placed on the record at the November 7, 2006 hearing.
Judgment affirmed in part, reversed in part, and cause remanded.
The Court finds that there were reasonable grounds for this appeal. We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into *Page 8 
execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to both parties equally.
MOORE, P. J. and DICKINSON, J., CONCUR.
[1] We note that Campbell has never filed a motion to modify or vacate the settlement agreement. *Page 1