DECISION AND JOURNAL ENTRY
 INTRODUCTION {¶ 1} Despite timely submitting fourteen out of fifteen monthly settlement payments, Bryan C. Williams and the Committee to Elect Bryan C. Williams failed to submit their final payment. Quality Mold Inc. and its Chief Executive Officer (CEO), therefore, moved to recover an additional $10,000 from them under the terms of their settlement agreement. The trial court refused to allow them to recover the additional sum because they did not make a written demand before filing their motion. This Court reverses because, under the terms of the settlement agreement, Mr. Williams and his election committee did not meet all the conditions necessary to avoid paying the additional $10,000 owed.
 FACTS {¶ 2} Quality Mold and its CEO filed a complaint against Mr. Williams and his election committee, alleging that they had made false and defamatory statements about them. After one *Page 2 
day of trial, the parties entered into a confidential settlement. Although the parties did not draft a written agreement, the settlement's terms were confirmed before the trial court. Mr. Williams agreed to pay Quality Mold $25,000, with the understanding that, if he paid $1000 per month for fifteen months, he would not have to pay the other $10,000.
 {¶ 3} After making fourteen payments, Mr. Williams thought he had satisfied the settlement agreement. Six months later, however, Quality Mold filed a motion to unseal judgment, asserting that Mr. Williams had not made all fifteen payments, and seeking $11,000 under the terms of their agreement. The trial court denied the motion because Quality Mold had not notified Mr. Williams about the missed payment. It, therefore, only allowed Quality Mold to recover $1000 plus interest. Quality Mold has appealed, assigning one error. ENFORCEMENT OF SETTLEMENT AGREEMENT
 {¶ 4} "Where the parties in an action . . . voluntarily enter into an oral settlement agreement in the presence of the court, such agreement constitutes a binding contract." Spercel v. Sterling Indus. Inc.,31 Ohio St. 2d 36, paragraph one of the syllabus (1972). "[W]hen the parties enter into an in-court settlement agreement, so long as the court is satisfied that it was not procured by fraud, duress, overreaching or undue influence, the court has the discretion to accept it without finding it to be fair and equitable." Campbell v.Buzzelli, 9th Dist. No. 07CA0048-M, 2008-Ohio-725, at ¶ 8 (quotingWalther v. Walther, 102 Ohio App. 3d 378, 383 (1995)). In reviewing a motion to enforce a settlement agreement, "Ohio appellate courts must determine whether the trial court's order is based on an erroneous standard or a misconstruction of the law. The standard of review is whether or not the trial court erred." Continental W. Condo. Unit OwnersAss'n v. Howard E. Ferguson Inc., 74 Ohio St. 3d 501, 502 (1996).
 {¶ 5} At the settlement hearing, the trial court stated the terms of the parties' agreement: *Page 3 
 [A] $25,000 judgment to be rendered as against both the committee and Mr. Williams, individually, jointly and severally . . . [w]ith an understanding that if the sum of $15,000 is paid at a rate of $1000 per month beginning . . . May 1st of the year 2005 and on the first day of each month thereafter, that upon the payment of $15,000, the $25,000 judgment shall be satisfied in full."
The trial court noted that, "in the event payments are not made . . . the judgment for $25,000, less any payments that would have been made up to that time, [Quality Mold] would be entitled to get an application to the Court, and the Court would sign an order granting a judgment in that amount." The trial court confirmed that, "there is no interest on the amount of money unless and until there is a default." After the parties agreed to those terms, the trial court concluded that the case was "settled and dismissed subject to the terms of the settlement agreement which has been placed upon the record of the court. . . ."
 {¶ 6} Mr. Williams has not alleged that the settlement agreement was procured by fraud, duress, overreaching, or undue influence. Furthermore, he was well-represented at the settlement hearing. His counsel ascertained on the record that he heard and understood the terms of the settlement agreement, and that he agreed to them.
 {¶ 7} It is clear and unambiguous under the parties' agreement that they agreed to settle Quality Mold's claims for $25,000. Quality Mold agreed to accept less than $25,000, however, if Mr. Williams met certain conditions. Those conditions were that Mr. Williams had to make fifteen monthly $1000 payments, on the first day of each month, beginning in May 2005. If those conditions were not met, then Quality Mold could apply to the court, and the court "would sign" an order granting it a judgment for $25,000, less whatever amount had been paid.
 {¶ 8} It was undisputed that Mr. Williams failed to pay Quality Mold $1000 on the first day of each month for fifteen consecutive months starting in May 2005. Accordingly, Quality Mold was entitled to a judgment for the entire $25,000. The trial court, however, refused to *Page 4 
enter a judgment for that amount because Quality Mold had not notified Mr. Williams that he had missed a payment.
 {¶ 9} Mr. Williams did not default on the parties' agreement. Rather, he merely failed to meet the conditions of a term that was in the agreement for his benefit. There was no requirement that Quality Mold had to remind Mr. Williams about the term if he decided not to take advantage of it. Because Mr. Williams did not meet its conditions, Quality Mold is entitled to the entire $25,000. The trial court, therefore, erred as a matter of law when it refused to enter a judgment for Quality Mold for $25,000, less the amount Mr. Williams already paid. Quality Mold's assignment of error is sustained.
 CONCLUSION {¶ 10} Because Mr. Williams did not meet the conditions necessary to avoid paying the entire settlement amount, Quality Mold and its CEO are entitled to a judgment in their favor for $25,000, less the amount Mr. Williams already paid. The judgment of the Summit County Common Pleas Court is reversed, and this matter is remanded for the entry of an order consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27. *Page 5 
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellees.
MOORE, P. J. BAIRD, J. CONCUR