[Cite as *In re M.P.*, 2016-Ohio-8243.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| IN THE MATTER OF: M.P. | : | JUDGES:<br>Hon. Sheila G. Farmer, P.J.<br>Hon. W. Scott Gwin, J.<br>Hon. William B. Hoffman, J. |
|  | : |  |
|  | : |  |
|  | : |  |
|  | : |  |
|  | : | Case No. 16-CA-26 |
|  | : |  |
|  | : |  |
|  | : | O P I N I O N |

CHARACTER OF PROCEEDING:    Civil appeal from the Fairfield County Court
of Common Pleas, Juvenile Division, Case
No. 2014-AB-162

JUDGMENT:    Reversed and Remanded

DATE OF JUDGMENT ENTRY:    December 19, 2016

APPEARANCES:

For - Appellant

WILLIAM J. HOLT
P.O. Box 2252
2140 Lancaster-Newark Rd. N.E.
Lancaster, OH 43130

For - Appellee

BRITTANY KAROCKI
Assistant Prosecuting Attorney
239 West Main Street, Ste. 101
Lancaster, OH  43130

*Gwin, J.*

{¶1} Appellant appeals the July 5, 2016 judgment entry of the Fairfield County Court of Common Pleas, Juvenile Division, overruling her objections to the magistrate's decision.

*Facts & Procedural History*

{¶2} C.L. is the mother ("Mother") of K.P., born February 10, 2012, and M.P., born November 13, 2013. On October 8, 2014, Fairfield County Child Protective Services ("FCCPS") filed an abuse and dependency complaint with regards to K.P. and M.P. On December 22, 2014, the children were found to be dependent minors and placed in the temporary custody of FCCPS. FCCPS subsequently filed a motion for permanent custody of the children. On April 12, 2016 and April 13, 2016, a magistrate held a trial on FCCPS' motion for permanent custody.

{¶3} On May 10, 2016, the magistrate filed her decision granting permanent custody to FCCPS and terminating the parental rights of Mother. On May 20, 2016, Mother filed objections to the magistrate's decision. Mother argued in her objections that the magistrate's decision was against the manifest weight of the evidence, based upon insufficient evidence, and that FCCPS failed to comply with the Federal Indian Child Welfare Act. Mother's objection stated a further memorandum in support would be filed after completion of the trial transcript.

{¶4} On May 24, 2016, after a request by Mother, the trial court issued an entry ordering the transcript of the trial be prepared and distributed to counsel at public expense. FCCPS filed a memorandum contra to Mother's objection to the magistrate's decision. FCCPS argued the granting of permanent custody to FCCPS is supported by

clear and convincing evidence. FCCPS reserved the right to amend and supplement the memorandum contra when a transcript of the proceedings was provided. The transcript of the trial was filed on June 30, 2016.

{¶5} On July 5, 2016, the trial court issued a judgment entry and order on Mother's objection to the magistrate's decision. The trial court stated Mother's objections were timely filed. Further, that the objections were "supplemented by a transcript of the proceedings as required by Civil Rule 53 and Juvenile Rule 40." However, the trial court found Mother's objections to the magistrate's decision failed to state an objection with particularity. Thus, the trial court found since Mother failed to state an objection with particularity as required under the Civil Rules, the trial court could affirm the magistrate's decision without considering the merits of the objections. Accordingly, the trial court overruled Mother's objections without considering the merits of her objections.

{¶6} Mother appeals the July 5, 2016 judgment entry of the Fairfield County Court of Common Pleas, Juvenile Division, and assigns the following as error:

{¶7} "I. THE TRIAL COURT ERRED IN FAILING TO PROVIDE THE APPELLANT WITH AN INDEPENDENT REVIEW OF THE MAGISTRATE'S DECISION IN VIOLATION OF JUVENILE RULE 40(D)(4)(d).

{¶8} "II. THE TRIAL COURT ERRED IN THE APPLICATION OF JUVENILE RULE 40(D)(3)(b)(ii) IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE CONSTITUTION OF THE UNITED STATES, AND THE DUE PROCESS CLAUSE OF THE OHIO CONSTITUTION."

I.

{¶9}   In her first assignment of error, Mother argues the trial court erred in affirming the decision of the magistrate on the basis that Mother had not met the specificity requirement of Juvenile Rule 40(D)(3)(b)(ii) and erred in not reaching the merits of the objections to the magistrate's decision.  FCCPS contends the trial court was not required to undergo an independent review of Mother's objections

{¶10}  Juvenile Rule 40(D)(3)(b)(ii) provides, "an objection to a magistrate's decision shall be specific and state with particularity all grounds for objection."  FCCPS contends Mother's objections as to the magistrate's decision being against the manifest weight of the evidence, based on insufficient evidence, and the failure to comply with the Indian Welfare Act, were not specific and not stated with particularity.

{¶11}  Both the trial court and FCCPS cite several cases in support of their determination or argument that Mother's objections are not stated with particularity.  See *Young v. Young,* 9th Dist. Summit No. 22891, 2006-Ohio-2274; *Triozzi-Hartman v. Hartman*, 11th Dist. Geauga No. 2006-G-2701, 2007-Ohio-5781; *Waddle v. Waddle*, 11th Dist. Ashtabula No. 2000-A-0016, 2001 WL 314659.  However, we find these cases to be distinguishable from the instant case.  Two of the cases cited deal with child support, an issue that can be revisited by a trial court upon motion.  *Id.*  The other case cited deals with the enforcement of a settlement that the appellant agreed to, in which the appellate court also found, "even assuming that appellant had met the procedural requirements to object to and/or set aside the magistrate's decision, the decision would still be upheld." *Id.*  None of the cases cited deal with the permanent termination of parental rights.

**{¶12}** Rather, in this case, the magistrate terminated Mother's parental rights to her two children. If the trial court does not review Mother's objections on the merits and upon review of the filed transcript, Mother is then also foreclosed from making either a manifest weight or sufficiency of the evidence argument on the merits to this Court on appeal. This is particularly concerning in a termination of parental rights case, as "the right to raise a child is an 'essential' and 'basic' civil right." *In re Murray*, 52 Ohio St.3d 155, 556 N.E.2d 1169 (1990), quoting *Stanley v. Illinois*, 405 U.S. 645, 92 S.C.t 1208 (1972). The United States Supreme Court has held that a parent's interest in the care, custody, and management of her child is "fundamental." *Stanley v. Illinois*, 405 U.S. 645, 92 S.Ct. 1208 (1972); *Santosky v. Kramer*, 455 U.S. 745, 102 S.Ct. 1388 (1982). The permanent termination of a parent's rights has been described as, "* * * the family law equivalent to the death penalty in a criminal case." *In re T.B.*, 5th Dist. Guernsey No. 15 CA 3, 2015-Ohio-2214; *In re Smith*, 77 Ohio App.3d 1, 601 N.E.2d 45 (6th Dist. 1991). Therefore, parents "must be afforded every procedural and substantive protection the law allows." *Id.*

**{¶13}** Further, this Court has routinely addressed assignments of error in appeals of termination of parental rights cases in which an appellant argues that the decision to terminate his or her parental rights was against the manifest weight or sufficiency of the evidence. See, e.g., *In the Matter of A.G.*, 5th Dist. Tuscarawas Nos. 2013 AP 07 0030, 2012 AP 10 0059, 2013-Ohio-5696; *In the Matter of B.W.*, 5th Dist. Tuscarawas No. 2016 AP 06 0033, 2016-Ohio-7662; *In the Matter of V.J.*, 5th Dist. Stark No. 2016CA00118, 2016-Ohio-5896; *In the Matter of T.B.*, 5th Dist. Guernsey County No. 15 CA 3, 2015-

Ohio-2214; *In the Matter of J.L. and H.H.*, 5th Dist. Muskingum No. CT 2014-0010, 2014-Ohio-2684.

**{¶14}** Accordingly, upon the facts presented in this case, we find the trial court erred in finding Mother's objections were not stated with particularity and in not conducting an independent review of the magistrate's decision pursuant to Juv.R. 40(D)(4)(d) when Mother argued in her objections that the magistrate's decision was against the manifest weight, was based on insufficient evidence, and that FCCPS did not comply with the Indian Welfare Act.

**{¶15}** In its brief, FCCPS also contends the trial court did not err in affirming the magistrate's decision without a review on the merits because Mother did not provide a transcript to the trial court within thirty days of her filing of the objections. Juv.R. 40(D)(3)(b)(iii) provides, "the objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for the preparation of the transcript or other good cause." We first note that FCCPS failed to argue this at the trial court level and thus it is waived on appeal. *The Strip Delaware, LLC v. Landry's Restaurants, Inc.*, 5th Dist. Stark No. 2010CA00316, 2011-Ohio-4075. Further, in its judgment entry, the trial court found Mother's objections were timely filed and "said objection was supplemented by a transcript of the proceedings as required by Civil Rule 53 and Juvenile Rule 40." FCCPS did not file a cross-appeal in this case to argue the trial court erred in its determination that Mother filed her transcript in accordance with Juvenile Rule 40.

**{¶16}** Mother's first assignment of error is sustained.

II.

**{¶17}** We find it unnecessary to address Mother's second assignment of error because the issue is moot based on our disposition of Mother's first assignment of error.

**{¶18}** For the foregoing reasons, the July 5, 2016 judgment entry of the Fairfield County Court of Common Pleas, Juvenile Division, is reversed and this matter is remanded for further proceedings consistent with the law and this opinion.

By Gwin, J.,

Farmer, P.J., and

Hoffman, J., concur