[Cite as *Ferreri v. Ferreri*, 2018-Ohio-699.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| CHRISTINA FERRERI, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2017-T-0055** |
| JACK ANTHONY FERRERI, JR., | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Domestic Relations Division, Case No. 2008 DR 390.

Judgment: Affirmed.

*Elise M. Burkey*, Burkey, Burkey & Scher Co., L.P.A., 200 Chestnut Avenue, N.E., Warren, OH 44483 (For Plaintiff-Appellee).

*Michael P. Ciccone*, 4822 Market Street, Suite 230, Youngstown, OH 44512 (For Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1} Defendant-appellant, Jack Anthony Ferreri, Jr., appeals the decision of the Trumbull County Court of Common Pleas, Domestic Relations Division, modifying the Shared Parenting Plan with plaintiff-appellee, Christina Ferreri, with respect to their minor child. The issue before this court is whether a factual issue exists as to whether there is ambiguity in an in-court settlement agreement when circumstances subsequently arise that were not anticipated at the time of the agreement. For the following reasons, we affirm the decision of the court below.

{¶2} The parties' Shared Parenting Plan was adopted by the domestic relations court as part of the Decree of Divorce on October 21, 2010, and subsequently modified by agreement of the parties on January 23, 2012.

{¶3} On April 16, 2013, Jack filed a Motion to, inter alia, Amend the Shared Parenting Plan.

{¶4} On May 13, 2013, Christina filed a Motion seeking to terminate the Shared Parenting Plan.

{¶5} On January 28, 2014, Jack filed a Notice of Shared Parenting Plan.

{¶6} On January 30, 2014, the domestic relations court stayed proceedings pending appeal to the Eleventh District Court of Appeals.

{¶7} On July 31, 2014, Jack filed a Motion to Modify Shared Parenting Plan.

{¶8} On March 24, 2015, Christina filed a Notice of Filing Amended Shared Parenting Plan.

{¶9} On March 27, 2015, Jack filed a Notice of Filing of Shared Parenting Plan.

{¶10} On August 5, 2015, Christina filed a Notice of Withdrawal of Amended Shared Parenting Plan.

{¶11} On September 8, 2015, Jack filed an Answer in response to Christina's Motion seeking to terminate the Shared Parenting Plan.

{¶12} On December 4, 2015, Jack filed a Motion for Shared Parenting seeking to modify the Shared Parenting Agreement.

{¶13} On January 5, 2016, Jack filed a Notice that he was "withdraw[ing] all pending Motions save for his Motion time-stamped December 4, 2015 together with the Amendment thereto."

**{¶14}** On January 6, 2016, Jack filed a Motion to Approve Modifications to the Shared Parenting Plan.

**{¶15}** On June 8, 2016, Jack filed an Amendment to Pending Motion urging the adoption of the guardian ad litem's "recommendations relative to the parties' parenting of the minor child."

**{¶16}** On June 20, 2016, Jack filed an Amended Motion: Parenting seeking to modify "the current Order" regarding parenting.

**{¶17}** On October 25, 2016, the matter came on for an evidentiary hearing before a magistrate. Instead of testimony, the parties reached an agreement and read stipulations into the record purporting to be "a resolution of all pending matters."

**{¶18}** In relevant part, it was stipulated:

> We have, also, agreed that for the Summer we currently have a provision that provides that Mom will provide child care when Dad is working because she's a school teacher. We've agreed to modify that provision to provide that Mom will provide the child care if the Father is working on Tuesdays, Wednesdays, and Thursdays.

**{¶19}** At the conclusion of the hearing, the following exchange between the magistrate, the parties, and their attorneys occurred:

> Attorney Smith[1]: * * * Any other terms in the Plan that aren't modified by this would continue in full force and effect.
>
> The Court: All prior Orders to remain in effect that aren't altered by these stipulations?
>
> Attorney Smith: Correct.
>
> Attorney Rich[2]: Agreed.
>
> Mr. Ferreri: Yes.

---

1. On behalf of Christina.
2. On behalf of Jack.

Ms. Ferreri: Yes.

The Court: Mr. Ferreri, do you understand?  Do you agree with the stipulations --

Mr. Ferreri: Yes.

The Court: -- as read in the record?

Mr. Ferreri: Yes.

The Court: Ms. Ferreri?

Ms. Ferreri: Agreed.

The Court: Agreed.

Ms. Ferreri: Yes.

The Court: All right.  Stipulations will be accepted and you will be submitting a Judgment Entry with those changes, correct?

Attorney Smith: Yes, I will.

Attorney Rich: Schedule starts next week.

Attorney Smith: Yes.

Attorney Rich: Agreed.

{¶20}  On February 3, 2017, Jack filed an Amended Motion to Clarify the Parties' Stipulations, wherein he "agree[d] that on the 25th day of October, 2016 the parties entered into stipulations with the intent that modification would be made to their current shared parenting plan," including the stipulation that Christina would provide child care during the summer if Jack is working on Tuesdays, Wednesdays, and Thursdays.  Jack noted that, at the time he entered the stipulation, he was unemployed.  Jack had since found employment "work[ing] primarily at home on a flexible schedule so that

4

throughout the day he can spend quality time with his daughter." Jack further explained:

> Defendant-Father's stipulated intent was when he once again became gainfully employed, while he was at work and the Plaintiff was also on summer recess, she could provide Joscelyn's care. * * * However, at no time did he contemplate nor agree to again allow Plaintiff to watch Joscelyn during her summer school recess if the Defendant-Father was then working at home.

Thus, Jack "put[] forward that the Court should issue an Order whereby the parties share Joscelyn for week on week off periods commencing Friday at 6 p.m. throughout the entire year absent any adjustment."

{¶21} On May 2, 2017, Christina filed a Motion to Enforce Agreement, wherein she stated that, following the October 25, 2016 hearing, "Plaintiff's counsel prepared and submitted to the Defendant an Agreed Judgment Entry reducing the stipulations to an order for approval of both parties and the Court," but "Defendant has failed and refused to execute the Agreed Judgment Entry." Christina requested that the court "approve and enter the attached 'Agreed Judgment Entry' which correctly incorporates the parties' stipulations as an order."

{¶22} On May 10, 2017, the domestic relations court entered a Judgment Entry modifying the parties' Shared Parenting Plan in a manner consistent with the stipulations entered into by the parties on October 25, 2016. The court further noted that "[t]his Order adjudicates and resolves all issues raised in the parties' motions which are currently pending before this Court."

{¶23} On June 7, 2017, Jack filed a Notice of Appeal. On appeal, he raises the following assignment of error:

{¶24} "[1.] The trial court abused its discretion when it enforced a purported agreement between the parties without holding an evidentiary hearing when there was a factual dispute as to the terms agreed upon."

{¶25} "A trial court's authority to enforce in-court settlement agreements is discretionary." (Citation omitted.) *Presjak v. Presjak*, 11th Dist. Trumbull No. 2009-T-0077, 2010-Ohio-1455, ¶ 36; *Perko v. Perko*, 11th Dist. Geauga Nos. 2001-G-2403, 2002-G-2435, and 2002-G-2436, 2003-Ohio-1877, ¶ 27 ("[s]o long as the court is satisfied that the settlement agreement reached by the parties was not procured by fraud, duress, overreaching, or undue influence, the court has the discretion to accept it").

{¶26} Jack raises several arguments relative to the propriety of the domestic relations court adopting the October 25, 2016 stipulations. Jack contends that the stipulations entered into the record on October 25, 2016 were "factually disputed by the Appellant for their content." Appellant's brief at 6. We disagree. Jack's Amended Motion to Clarify the Parties' Stipulations readily acknowledges that the parties agreed that, during the summer, Christina would provide child care if Jack was working on Tuesdays, Wednesdays, and Thursdays. The Amended Motion is equally clear that when Jack entered this stipulation he did not contemplate that he might find employment that enabled him to work at home and provide child care. The failure to consider this contingency does not establish a factual dispute with respect to the content of the stipulation or even grounds for avoiding the agreement to be so bound. *Lowman v. Lowman*, 166 Ohio St. 1, 10, 139 N.E.2d 1 (1956) ("an unanticipated change in the circumstances of the parties will provide no ground for setting aside * * *

6

provisions of a separation agreement * * * if such agreement was valid when made and there is no other reason for granting equitable relief therefrom"); *Walther v. Walther*, 102 Ohio App.3d 378, 383, 657 N.E.2d 332 (1st Dist.1995) ("[n]either a change of heart nor poor legal advice is a ground to set aside a settlement agreement").

**{¶27}** Jack further contends it was error for the domestic relations court to not hold "an evidentiary hearing to refute the validity of the stipulations as written by the Appellee's Attorney and adopted by the court." Appellant's brief at 6. Jack relies upon the Ohio Supreme Court's decision in *Rulli v. Fan Co.*, 79 Ohio St.3d 374, 683 N.E.2d 337 (1997), for the proposition that: "Where the meaning of terms of a settlement agreement is disputed, or where there is a dispute that contests the existence of a settlement agreement, a trial court must conduct an evidentiary hearing prior to entering judgment." *Id.* at syllabus.

**{¶28}** Jack's reliance on *Rulli* is misplaced as the terms of the parties' agreement in the present case are not in dispute. "Where the settlement agreement is arrived at by the parties in open court and preserved by being read into the record or being reduced to writing and filed, then the trial judge may, sua sponte, approve a journal entry which accurately reflects the terms of the agreement, adopting the agreement as his judgment." (Citation omitted.) *Triozzi-Hartman v. Hartman*, 11th Dist. Geauga No. 2006-G-2701, 2007-Ohio-5781, ¶ 10; *Perko*, 2003-Ohio-1877, at ¶ 27 ("[w]hen parties * * * enter into an in-court settlement agreement, the court may accept the agreement even if one party tries to repudiate it"); *see also, Komes v. Komes*, 11th Dist. Lake No. 2012-L-086, 2013-Ohio-2140, ¶ 50 ("[w]hen the parties have agreed,

7

without objection and with the judge's approval, to enter into stipulation for the record, the court will not consider objections to such stipulations on appeal") (citation omitted).

**{¶29}** Jack further contends that the domestic relations court failed to provide him an opportunity to respond to Christina's May 2, 2017 Motion to Enforce Agreement before ruling on the Motion on May 10, 2017. Civ.R. 6(C) ("a response to a written motion * * * shall be served within fourteen days after service of the motion"); *see JPMorgan Chase Bank, N.A. v. Muzina*, 11th Dist. Lake No. 2015-L-028, 2015-Ohio-4432, ¶ 27 ("[i]t is well settled that procedural due process mandates notice and an opportunity to be heard before judgment can be entered against a party").

**{¶30}** In the present circumstances, we find neither error nor deprivation of due process. Christina's Motion to Enforce Agreement, despite its caption, was filed in opposition to Jack's earlier Amended Motion to Clarify the Parties' Stipulations, which in substance was a motion to modify or avoid the agreement entered into on October 25, 2016. *Morris v. State*, 8th Dist. Cuyahoga No. 78864, 2001 WL 1152841, *1, fn. 4 (Sept. 27, 2001) ("it is the substance of the pleading and not its caption that determines a pleading's operative effect"). At most, Jack, as the initial movant, was entitled to file a reply within seven days of Christina's Motion to Enforce. Civ.R. 6(C) ("movant's reply may be served within seven days after service of the response to the motion").

**{¶31}** Alternatively, and as noted above, the domestic relations court had the authority to adopt sua sponte the parties' agreement which was arrived at in open court and duly preserved by being read into the record. *Triozzi-Hartman*, 2007-Ohio-5781, at ¶ 10; *Benz v. Benz*, 11th Dist. Geauga No. 2004-G-2589, 2005-Ohio-5870, ¶ 14 ("when the terms of a settlement agreement are properly preserved as a result of being read

8

into the record, the trial court has the basic authority to sua sponte adopt a proposed judgment entry that accurately delineates those terms").

{¶32} Finally, Jack contends that the domestic relations court's May 10, 2017 Judgment Entry could not, as it purports to do, "settle all pending motions between the parties" inasmuch as the motions "filed after October could not have been contemplated" by the parties when entering the stipulations. Appellant's Brief at 5.

{¶33} Jack's argument is unavailing. The domestic relations court's May 10, 2017 Judgment Entry is dispositive of all motions relative to the parties' stipulations modifying the Shared Parenting Plan. It is well-established that a duly journalized final judgment is presumed to deny any pending motions seeking relief that is inconsistent with or adverse to the judgment so entered. *Kolleda v. Kolleda*, 11th Dist. Lake No. 2013-L-069, 2014-Ohio-2013, ¶ 40.

{¶34} Jack's sole assignment of error is without merit.

{¶35} For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas, Domestic Relations Division, modifying the parties' Shared Parenting Plan, is affirmed. Costs to be taxed against the appellant.


THOMAS R. WRIGHT, P.J.,

TIMOTHY P. CANNON, J.,

concur.

9