[Cite as *Lewis v. Lewis*, 2023-Ohio-3693.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

ALYSON LEWIS,

      Plaintiff-Appellee,

- vs -

JOSHUA LEWIS,

      Defendant-Appellant.

CASE NO. 2023-T-0005

Civil Appeal from the
Court of Common Pleas
Domestic Relations Division

Trial Court No. 2020 DR 00317

**O P I N I O N**

Decided: October 4, 2023
Judgment: Affirmed

*Charles A.J. Strader,* Attorney Charles Strader, LLC, 175 Franklin Street, S.E., Warren, OH 44481 (For Plaintiff-Appellee).

*Jennifer J. Ciccone*, 3685 Stutz Drive, Suite 100, Canfield, OH 44406 (For Defendant-Appellant).

*Joshua R. Staton,* 179 North Dunlap Avenue, Youngstown, OH 44509 (Guardian Ad Litem).

ROBERT J. PATTON, J.

{¶1} Appellant appeals the Final Decree of Divorce filed December 7, 2022, asserting that terms of the incorporated Separation Agreement and Shared Parenting Plan are inconsistent with the terms read into the record and agreed to by the parties during their divorce hearing held on August 29, 2022.

{¶2} Appellant, Joshua Lewis, and appellee, Alyson Lewis, were married on March 1, 2013, in Warren, Ohio. Together, the parties have two children and agree that

during the marriage a third child was born to appellee, but that appellant is not the father of that child. Appellee filed for divorce on December 8, 2020. A divorce hearing, where a global agreement was entered into, occurred on August 29, 2022.

{¶3} During the divorce hearing of August 29, 2022, terms of the agreement were read into the record: (1) the parties have entered into a Shared Parenting Plan for their two minor children, (2) appellant is to receive the Standard Order of Visitation pursuant to local guidelines, (3) the parties current meeting place is to be at Dollar General, but if appellant should move, then the meeting place will change to Sheetz Gas Station on Elm Road in Warren, (4) appellant is to pay child support of $450 a month for the two minor children, (5) the child support will be non-modifiable for no less than 18 months, (6) appellee will claim the children for tax purposes and tax exemptions beginning with calendar year 2022, (7) the parties waive spousal support, (8) firearms in the possession of appellee and/or her parents are to be returned to appellant, (9) appellant is to assume all marital debts except the approximately $600 loan remaining on a Chevy Equinox, and approximately $7,000 on a USAA credit card will be assumed by appellee, (10) appellant is to retain possession of the VW Volkswagen and assume any debt or cost associated with it, (11) appellee is to be considered residential parent for any application of benefits such as "food stamps" or other benefits received through Job and Family Services, and (12) appellee is to be considered residential parent for "school purposes under the Shared Parenting Plan agreement." The terms of the agreement read into the record and were read to appellee in the presence of appellant. Appellant was then asked if he understood and agreed to the terms as they were read to appellee. Appellant acknowledged that

2

these terms were the correct terms of the agreement, agreed that he had time to reflect on the terms, and that they were a fair and equitable resolution.

{¶4} Appellant was asked by his attorney on the record "you understand that we have to prepare a document and sign it and return it to the court…are you willing to comply with that and come in and sign it according to these terms?" Appellant replied "yes." Appellant was further asked, "[d]o you believe the Shared Parenting Plan is in the best interest of your minor children?" Appellant replied, "yes." After the court requested that appellee submit a parentage affidavit for her third child with the Agreement, the court instructed the attorneys to warn the parties that they will not be divorced until they have received certified copies signed by the judge in the mail, but that the date of their divorce "will always be August 29, 2022."

{¶5} On November 29, 2022, appellant filed his Motion to Adopt Judgment Entry. On December 2, 2022, appellee filed her Motion to Adopt Judgment Entry. A review of the record shows exhibits were filed with each parties' Motion to Adopt Judgment Entry. Each contained a proposed Decree, Separation Agreement, Shared Parenting Plan, and Standard Visitation Guidelines (collectively, the "Agreement"). The Agreement filed with both parties' Motions were identical and included identical terms. Both were filed with transcripts from the hearing of August 29, 2022. Neither parties' submission included the signatures of any of the parties to the Agreement. No handwritten notes or modifications were found on either parties' Agreement.

{¶6} On December 7, 2022, the Final Decree of Divorce was filed by the trial court and certified copies were issued to the parties. A review of the Final Decree of Divorce, filed by the trial court included with the record, revealed a signature only from

3

the appellee, on the Agreement. Hand written notes/modifications were made on the Agreement that were incorporated into the Final Decree of Divorce: (1) under Article 8 of the Separation Agreement, the section entitled "Tax Exemptions," the date has been changed from 2021 to 2022, (2) under Article 12 of the Separation Agreement, the section entitled "Responsibility for Bills and Debts," the hand written word "ok" has been inserted to the right of the paragraph, (3) under Article 13 of the Separation Agreement, the section entitled "Filing of Income Tax," the date has been changed from 2021 to 2022, (4) under section 2 of the Shared Parenting Plan in the paragraph labeled "Transportation," a handwritten statement says Sheetz @ Elm Rd. Warren, OH," and (5) under section 5 of the Shared Parenting Plan under the paragraph labeled "Tax Exemption," the year 2021 has been changed to 2022.

{¶7} None of the handwritten notes or modifications were present on either parties' Agreement submitted with their Motion to Adopt Judgment Entry. None of the handwritten notes were accompanied by initials or any indication of who made them. The handwritten modifications do not contain any conflicting terms with the parties' Agreement, but instead correct what would otherwise be inconsistent.

{¶8} Appellant raises one assignment of error: "The Trial Court erred in adopting the judgment entry proposed by Plaintiff/Appellee."

{¶9} With his assignment of error, appellant argues in his brief that the Motion to Adopt Judgment Entry that was adopted by the trial court, was the one prepared by counsel for appellee. Appellant argues that the adopted and incorporated Agreement contains terms and conditions which do not comport fully with the Agreement reached by the parties and placed into the record.

4

{¶10} It should be noted that the record indicates that after filling this appeal, on March 14, 2023, the parties requested through counsel, a Joint Motion for Limited Remand to the Trumbull County Domestic Relations Court for the purpose of allowing the parties to submit a judgment entry *nunc pro tunc* "that would satisfy the issues pertaining to this appeal." The motion was granted, on March 16, 2023, and on April 20, 2023, the case was returned to this Court, as the parties failed to submit a judgment entry to the trial court. Appellant had an opportunity then to resolve the issues he brought in this appeal but failed to do so.

{¶11} "It is well-established that '[w]here the parties in an action * * * voluntarily enter into an oral settlement agreement *in the presence of the court,* such agreement constitutes a binding contract.' (Emphasis added.) *Spercel v. Sterling Industries, Inc.* (1972), 31 Ohio St.2d 36, 285 N.E.2d 324, paragraph one of the syllabus; accord: *Walther v. Walther* (1995), 102 Ohio App.3d 378, 657 N.E.2d 332, syllabus; *Roth v. Roth,* 8th Dist. No. 89141, 2008-Ohio-927, at ¶ 23; *Campbell v. Buzzelli,* 9th Dist. No.07CA0048-M, 2008-Ohio-725, at ¶ 8." *Kolar v. Shapiro*, 11th Dist. No. 2007-L-148, 2008-Ohio-2504, ¶ 21.

{¶12} "This court has held: "Ordinarily, an in-court settlement binds the parties, even if they do not reduce it to writing." *Triozzi-Hartman v. Hartman,* 11th Dist. No.2006-G-2701, 2007-Ohio-5781, at ¶ 9, citing *Spercel,* supra." *Id*, ¶ 22.

{¶13} "In domestic relations cases, prior to incorporation by the court, a separation agreement is a contract between the parties, and the proper method of enforcement is a breach of contract action. *Gartland v. Gartland,* 11 th Dist. No.2001-T-0063, 2002-Ohio-5160, at ¶ 15." *Id*, ¶ 19.

5

{¶14} In *Schultz v. Schultz*, 11th Dist. Lake No. 2022-P-0049, 2023-Ohio-1712, ¶ 15, this court noted:

> Once a settlement agreement is executed, both parties must appear before the court and verify that each entered into the agreement voluntarily and that both are satisfied with the terms of the agreement. *Kolar v. Shapiro*, 11th Dist. Lake No. 2007-L-148, 2008-Ohio-2504, ¶ 19. Once the court incorporates the agreement into a decree of dissolution, the agreement loses its separate identity as a contract. *Id.* * * * the trial court's decision will be reviewed for an abuse of discretion. *Id.* Similarly, custody determinations, including decisions involving shared parenting plans or "custody agreements," are reviewed under an abuse of discretion standard. *Liston v. Liston*, 11th Dist. Portage No. 2011-P-0068, 2012-Ohio-3031, ¶ 15.

{¶15} The record indicates that counsel for both parties submitted a Motion to Adopt their respective Agreement submissions. Appellant argues that the trial court adopted appellee's Judgment Entry and incorporated it into the Final Decree of Divorce. A review of the submissions made by both parties revealed that the Agreement (collectively, the Decree, Separation Agreement, and Shared Parenting Plans) submitted by each are identical.

{¶16} In addition to the handwritten notes made in the documents that were adopted and incorporated into the final decree of divorce by the court, appellant argues the following inconsistencies: (1) the exact balance of the USAA card is listed as $7,884.86 in the final decree, (2) under the Shared Parenting Plan, appellee is named residential parent for school *and medical purposes*, which differs from the agreement placed on record, (3) the Shared Parenting Plan states that the parties "agree to equally split any necessary and special expenditures needed" for the two minor children, and (4) the Shared Parenting Plan states that "all arrearages are preserved since the filing of the

6

Complaint," (5) the Shared Parenting Plan includes in section 4 an additional term discussing how the parents will handle visitation if one of the parents relocate, (6) and appellant notes the Decree, Separation Agreement, and Shared Parenting Plan are silent as to their effective date (August 29, 2022).

{¶17} With respect to appellant's first issue regarding the exact balance of the USAA credit card, the transcripts show that the parties agreed that the balance of the USAA card was "approximately $7,000." Thus, this term is an accurate reflection of the parties' agreement on the record.

{¶18} Turning to appellant's second, third, fourth, and fifth issues. Appellant and appellee were both asked during the divorce hearing if they heard the terms read into the record by the attorneys. The parties were asked if they understood the terms to be accurate, and both parties answered affirmatively. Appellant's attorney indicated that "certain provisions" were read into the record but did not state that all the provisions of the Agreement were read into the record before the parties. There is nothing in the transcript that indicates that every line of the Agreement was read into the record. Further, the terms that appellant takes issue with, contained in appellee's Judgment Entry, and later adopted by the court and incorporated into the Final Decree of Divorce, contain identical terms to the proposal submitted by his own attorney. Had the court adopted appellant's proposed judgment entry, the outcome would be no different.

{¶19} The record does show that individual Proposed Shared Parenting Plans were filed by the parties in July and August of 2022. On July 29, 2022, appellant filed his Proposed Parenting Plan. On August 4, 2022, appellee filed her Proposed Shared Parenting Plan. Additional terms were included in appellee's Proposed Shared Parenting

7

Case No. 2023-T-0005

Plan that were not included in appellant's Proposed Shared Parenting Plan. The docket reflects no action to have been taken on these Proposed Shared Parenting Plans. However, the parties each proposed their own Motion to Adopt Proposed Judgment Entry, respectively, on November 29, 2022, and December 2, 2022, which appear to have an identical Agreement attached, and identical Shared Parenting Plans. Even if the differing Proposed Shared Parenting Plan submitted by appellant on July 29, 2022, had been submitted with his Motion to Adopt Proposed Judgment Entry and incorporated into the Final Decree of Divorce, many of the terms he is contesting on appeal exist in that version as well.

{¶20} Addressing appellant's sixth issue. Appellant complains that the Agreement does not have language expressing their effectiveness as of August 29, 2022. The Court explained on the record to the parties' attorneys, and in the presence of the parties, that the divorce would not be final until they received their copies of the Final Decree of Divorce signed by the judge. The date of the divorce would be retroactive to the date of the hearing, which was on August 29, 2022. This was to alert the parties that once signed by the judge, the Agreements adopted and incorporated into the Final Decree of Divorce would be effective as of August 29, 2022. Transcripts were filed by both parties with their identical proposed judgment entries, showing that they both agreed to and understood these terms. The signature page of the Settlement Agreement attached to appellant's Motion to Adopt Proposed Judgment Entry and Incorporated into the Final Decree of the Divorce states "[t]his Agreement is effective the 29th Day of August, 2022."

{¶21} It is unclear to this Court how appellant is claiming to be harmed when his proposed Agreement submission was identical to appellee's submission. Appellant did

8

not object to the terms of the Agreement as they were read into the record on August 29, 2022. Appellant has failed to identify any material differences in the parties' Proposed Judgment Entry submissions, the handwritten modifications, or the terms read into the record, that would indicate error.

{¶22} Thus, the trial court did not abuse its discretion in adopting appellee's proposed judgment entry, and appellant's assignment of error is without merit.

{¶23} For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas, Domestic Relations Division, is affirmed.


JOHN J. EKLUND, P.J.,

EUGENE A. LUCCI, J.,

concur.

9