OPINION
{¶ 1} Heather Wilson, f.k.a. Berg, appeals from the judgment of the Painesville Municipal Court, awarding her former husband, David J. Berg, $13,685.10, with interest *Page 2 
at a rate of 24.99% per annum from July 14, 2008, all stemming from her use of a credit card. We affirm.
 {¶ 2} In October 2001, Mr. Berg applied for and received a credit card from Citibank (South Dakota) NA. His wife, Heather, was listed as a user on the account, but was not a party to the contract.
 {¶ 3} The Berg's marriage was terminated by dissolution in April 2004. A separation agreement was incorporated in the decree of dissolution. The agreement divided the couple's credit cards between them, most going to Mr. Berg. However, no mention was made in the agreement of the Citibank card. The couple had never used it, had forgotten its existence, and failed to mention it to their respective counsel.
 {¶ 4} The separation agreement also contained a paragraph entitled "NON-USE OF CREDIT," which provides as follows: "Neither the Husband nor the Wife shall hereafter incur any debts or obligations upon the credit of the other and each shall indemnify and save the other absolutely harmless from any debt or obligation as charged or otherwise incurred."
 {¶ 5} In May 2005, Ms. Wilson evidently discovered the Citibank card, and began using it. At the bench trial of this matter, she testified that Mr. Berg was aware of her use of the card; that he used it as well; and, that she sent the statements to him periodically, as they continued to be sent, in his name, to the former marital residence which she occupied. Mr. Berg testified that he did not use the card, and that he became aware of her use of it in autumn, 2005, when Citibank contacted him regarding a late charge. He called Ms. Wilson about the matter. He further testified that she urgently requested that he not cancel the card, as it was her principal source of credit, and that *Page 3 
she would be better about making the payments. Evidently similar notices from Citibank to Mr. Berg occurred, and he spoke several other times to her about her misuse of the card. Finally, in November 2006, Mr. Berg cancelled Ms. Wilson's use of the card. Thereafter, he cancelled the card itself.
 {¶ 6} In the summer of 2007, Citibank filed an action against Mr. Berg for nonpayment on the subject credit card. He answered, and filed a third party complaint against Ms. Wilson.[1] Ms. Wilson answered. Eventually, Citibank filed for summary judgment against Mr. Berg. By a judgment entry filed July 14, 2008, the trial court granted Citibank's motion for summary judgment, in the amount of $13,685.10, with interest at the amount specified in the subject card agreement — 24.99% per annum — to run from the date of judgment entry. This judgment was stayed pending the trial of the third party action.
 {¶ 7} July 25, 2008, bench trial was held. Each party testified and lengthy exhibits showing the various charges made on the Citibank card were submitted in evidence. July 30, 2008, the trial court found in Mr. Berg's favor, in the amount, and at the interest rate, of the judgment against him in favor of Citibank.
 {¶ 8} Ms. Wilson timely appealed, assigning two errors:
 {¶ 9} "[1.] The trial court erred to the prejudice of the appellant in awarding $13,685.10 as compensatory damages for breach of contract.
 {¶ 10} "[2.] The trial court erred to the prejudice of the appellant in awarding interest at the contract rate of 24.99% per annum from July 14, 2008, and not the statutory rate." *Page 4 
 {¶ 11} Prior to its incorporation in a decree, a separation agreement is a contract, to be enforced by an action at contract. Kolar v.Shapiro, 11th Dist. No. 2007-L-148, 2008-Ohio-2504, at ¶ 19. However, once it becomes part of a decree, the separation agreement loses its separate identity as a contract; and, a trial court's decision whether to enforce its terms is discretionary. Id. Further, once a decree of divorce or dissolution becomes final, municipal courts have jurisdiction to enforce the decrees, when appropriate. Cf. Mitchell v. Georges (Oct. 15, 1985), 5th Dist. No. CA-6625, 1985 Ohio App. LEXIS 8859, at 6-9.
 {¶ 12} Consequently, we review the decision of the trial court in this matter for abuse of discretion. Kolar at ¶ 19. An abuse of discretion is no mere error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. Rather, the phrase connotes an unreasonable, arbitrary, or unconscionable attitude on the part of the trial court. Id. Therefore, "abuse of discretion" describes a judgment neither comporting with the record, nor reason. See, e.g., State v. Ferranto (1925), 112 Ohio St. 667, 676-678.
 {¶ 13} Under her first assignment of error, Ms. Wilson notes that her former husband was aware no later than November 2005 that she was incurring charges on the Citibank card, but that he failed to cancel it for a year, during which she incurred approximately eight thousand more dollars of debt. She argues that, under contract principles applicable to the separation agreement, he was required, and failed, to mitigate damages, and that she should only be held liable for the amount owed in November 2005. *Page 5 
 {¶ l4} We respectfully disagree. As noted above, the separation agreement requires each party to "indemnify and save the other absolutely harmless" from any use of the other's credit following the decree of dissolution. As we further noted, this matter does not involve contract, since the separation agreement was incorporated in a final decree of dissolution. Mitigation of damages does not enter into the matter. Rather, the plain language of the separation agreement requires the parties to make each other whole if one uses the other's credit. The trial court had discretion to enforce the plain language of the agreement.
 {¶ 15} The first assignment of error lacks merit.
 {¶ 16} The same principles are dispositive of Ms. Wilson's second assignment of error, in which she argues that the trial court should have awarded Mr. Berg statutory interest on the judgment, pursuant to R.C. 1343.03, rather than the rate of interest contained in the card agreement, 24.99% per annum. She argues that the only contract between herself and Mr. Berg is the separation agreement, which does not contain a specific rate of interest applicable to violations of the "NON-USE OF CREDIT" clause, which would be required to bring the matter within the purview of R.C. 1343.02.
 {¶ 17} We respectfully believe the issue is not contractual, as such, but whether the trial court had discretion to enforce the "NON-USE OFCREDIT" clause as agreed to by the parties. We find it did, and, that in order to fully indemnify Mr. Berg, Ms. Wilson must pay him the full amount of the judgment against him in favor of Citibank — which includes interest at 24.99% per annum.
 {¶ 18} The second assignment of error lacks merit.
 {¶ 19} The judgment of the Painesville Municipal Court is affirmed. *Page 6 
 {¶ 20} It is the further order of this court that appellant is assessed costs herein taxed.
 {¶ 21} The court finds there were reasonable grounds for this appeal.
DIANE V. GRENDELL, J., CYNTHIA WESTCOTT RICE, J., concur.
[1] Mr. Berg shortly thereafter filed an amended answer and third party complaint. *Page 1