[Cite as *Ocwen Loan Servicing, L.L.C. v. Van*, 2019-Ohio-2169.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| OCWEN LOAN SERVICING, LLC, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | CASE NO.  2018-L-025 |
| MICHAEL R. VAN, et al., | : | |
| Defendants-Appellants. | : | |

Civil Appeal from the Lake County Court of Common Pleas, Case No. 2016 CF 001034.

Judgment: Affirmed.

*Brooke Turner Bautista,* McGlinchey Stafford, 3401 Tuttle Road, Suite 200, Cleveland, OH  44122 (For Plaintiff-Appellee).

*Brian H. Meister,* 23951 Lakeshore Boulevard, #1503B, Euclid, OH  44123 (For Defendants-Appellants).

CYNTHIA WESTCOTT RICE, J.

{¶1}   Appellants, Michael R. Van and Theresa L. Van ("the Vans"), appeal the January 17, 2018 Judgment of the Lake County Court of Common Pleas granting summary judgment in favor of appellee, Ocwen Loan Serving, LLC ("Ocwen").  For the reasons set forth herein, we affirm.

{¶2}   In June 2016, Ocwen initiated the underlying action for foreclosure against the Vans seeking to foreclose the owners' rights of redemption in certain property in

Mentor, Ohio. The court referred the case to mediation, which ultimately proved unsuccessful. Ocwen filed a motion to remove the case from mediation and reinstate the case to the active docket and, two months later, filed motions for default judgment and summary judgment.

{¶3} On September 1, 2017, the court issued an order returning the case to the active docket, which stated, in pertinent part, "[o]pposition to the pending motion for summary judgment is due by 9/18/19." The "9" in "19" is then written over by hand with blue ink turning "9/18/19" into "9/18/17". Next to the corrected date is an initial, also handwritten in blue ink. The docket indicates the correct "9/18/17" due date.

{¶4} On September 18, 2017, the Vans filed a "Motion for Additional Time to Respond to Summary Judgment Motion No Objection by Opposing Counsel," which acknowledges "[t]he present due date of the Brief is September 18, 2017" and requests a 14 day extension. The court granted this extension through October 6, 2017, but the Vans failed to file a response. Therefore, on January 17, 2018, the court granted both of Ocwen's unopposed motions for default judgment and summary judgment. The Vans filed the instant appeal.

{¶5} Four days after filing the notice of appeal, the Vans filed a "Motion for Relief from Judgment 60(B) and for Vacation of Judgment" in the trial court, which cited no case law, statute, rule, nor did the motion engage in any legal analysis. This court remanded the case to allow the trial court to rule on the pending motion. The court denied the Vans' motion on May 8, 2018.

{¶6} This court then granted the Vans' four motions for extension of time to file their brief supporting their appeal of the January 17, 2018 judgment entry, but at the end

of the extension period the Vans had not filed an appellants' brief. A Magistrate's Order issued September 25, 2018, directed the Vans to file, within 14 days, a merit brief or show cause as to why their appeal should not be dismissed for failure to prosecute. On October 9, 2018, the Vans filed their brief assigning one assignment of error for our review:

{¶7} "It is reversible error to refuse filing of a summary judgment response when the court has inadvertently given a date a year later than intended."

{¶8} An appellate court reviews a trial court's decision to grant summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). "A de novo review requires the appellate court to conduct an independent review of the evidence before the trial court without deference to the trial court's decision." *Peer v. Sayers*, 11th Dist. Trumbull No. 2011-T-0014, 2011-Ohio-5439, ¶27.

{¶9} "In order to obtain summary judgment, the movant must show that (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion when viewing evidence in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party." *Grafton, supra,* at 245.

{¶10} "[T]he moving party bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case," by pointing to evidentiary materials of the type listed in Civ.R. 56(C). *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the movant fails to meet this initial burden, the motion for summary judgment must be denied. If, however, this initial burden is met, the nonmoving party "must set forth specific facts showing that there is a genuine issue

3

for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." Civ.R. 56(E).

{¶11} "To properly support a motion for summary judgment in a foreclosure action, a plaintiff must present evidentiary-quality materials showing: (1) the movant is the holder of the note and mortgage, or is a party entitled to enforce the instrument; (2) if the movant is not the original mortgagee, the chain of assignments and transfers; (3) the mortgager is in default; (4) all conditions precedent have been met; and (5) the amount of principal and interest due." *Natl. City Real Estate Serv. L.L.C. v. Shields*, 11th Dist. Trumbull No. 2012-T-0076, 2013-Ohio-2839, ¶16. Ocwen's motion for summary judgment sets forth arguments in support of each of these criteria and is supported by a notarized affidavit and seven exhibits. In particular, in compliance with Civ.R. 9(C), Ocwen generally averred that all conditions precedent were met, including sending the required Notice of Default. Additionally, the affidavit and exhibits, which include the signed mortgage agreement, the note, the Notice of Default mailed via first-class mail, and the loan account history, confirm the facts that Ocwen asserts in its motion. We find the evidence presented by movant, Ocwen, was sufficient to meet its initial burden. Therefore, the burden shifted to the Vans. As they failed to respond to the motion, the grant of summary judgment was appropriate.

{¶12} The Vans' sole contention on appeal is that the court erred in granting summary judgment because the court's typographical error of the September 1, 2017 journal entry caused them to fail to file a timely response to Ocwen's motion for summary judgment. In so doing, the Vans cite no case law or statutes, nor engage in any manner of legal analysis.

4

{¶13} The court's May 8, 2018 Judgment states the uncorrected "9/18/19" journal entry was sent to counsel. From this entry, the Vans assert that the wrong date was added to counsel's docketing system and overrode any subsequently entered dates. It is clear from the record, however, that the Vans were aware of the error before the corrected September 18, 2017 date. First, the Vans admit in their brief the date was "obviously a typographical error." Second, the docket clearly reflects the corrected "9/18/17" date. Third, the Vans filed a request for extension of time on the September 18, 2017 deadline. Finally, in their request for an extension, the Vans expressly acknowledge their response was due September 18, 2017. Therefore, the Vans cannot argue that the court's typographical error caused them to miss the deadline.

{¶14} "It is well-settled that a party in litigation is responsible for keeping track of the status of his or her case from the trial court's entries in its docket." *Kolar v. Shapiro*, 11th Dist. Lake No. 2007-L-148, 2008-Ohio-2504, ¶52. The Vans have presented no valid reason why they failed to respond to the motion for summary judgment. Therefore, we find the court did not err in granting Ocwen's motion for summary judgment.

{¶15} We note that while the Vans' brief is substantially verbatim of the Vans' 60(B) motion in the trial court, we do not read it to appeal the court's May 8, 2018 denial of the Vans' 60(B) motion, but the January 17, 2018 grant of summary judgment. But even if we were to construe the Vans' brief as appealing the denied 60(B) motion, the Vans could not prevail.

{¶16} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is

5

granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time * * *." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, (1976), paragraph two of the syllabus. All three criteria must be met in order to grant relief. *Id.* at 151. The Vans, the movant herein, has not met, or even attempted to meet, its burden of demonstrating a meritorious defense or claim to present if relief is granted. Thus, relief from the judgment is not warranted.

{¶17} Appellants' assignment of error is without merit.

{¶18} The January 17, 2018 judgment of the Lake County Court of Common Pleas is affirmed.

MARY JANE TRAPP, J., concurs,

THOMAS R. WRIGHT, P.J., concurs with a Concurring Opinion.

_____

THOMAS R. WRIGHT, P.J., concurs with a Concurring Opinion.

{¶19} I concur with the majority but write separately as the moving mortgagor's obligation to show that conditions precedent have been met is conditional rather than absolute.

{¶20} A moving mortgagor does not categorically carry the burden of proving that all conditions precedent have been satisfied. When a mortgagor generally alleges in its complaint that all conditions precedent have been met, the mortgagee must specifically raise in its answer those conditions precedent that have *not* been satisfied.

Civ.R. 9(C); *Wells Fargo Bank, N.A. v. Goebel*, 2nd Dist. Montgomery No. 25745, 2014-Ohio-472, 6 N.E.3d 1220, ¶ 18.

{¶21} Then the moving mortgagor must establish that the conditions precedent raised have been met. *LSF6 Mercury REO Invests.Trust Series 2008-1 c/o Vericrest Fin., Inc. v. Locke*, 10th Dist. Franklin No. 11AP-757, 2012-Ohio-4499, ¶ 11, *overruled on other grounds by U.S. Bank Natl. Assn. v. George*, 10th Dist. No. 14AP-817, 2015-Ohio-4957, 50 N.E.3d 1049 (when "compliance with conditions precedent is put at issue, and where the [mortgagor] moves for summary judgment, it has the burden of establishing the absence of this question by reference to materials set forth in Civ.R. 56."); *Wells Fargo Bank, N.A. v. Awadallah*, 9th Dist. Summit No. 27413, 2015-Ohio-3753, 41 N.E.3d 481, ¶ 22 (the "bank must generally plead in its complaint that it has complied with the * * * regulations, which shifts the burden to the borrower to plead with particularity in the answer, pursuant to Civ.R. 9(C), which specific regulations were not complied with, in order to preserve the issue. Then upon summary judgment, the burden shifts back again to the bank, which must provide evidence sufficient to dispel a genuine issue of material fact, that it complied with the specific * * * regulation raised by the borrower in its answer.").

{¶22} Thus, although the majority correctly quotes *Natl. City Real Estate Serv. L.L.C. v. Shields*, 11th Dist. Trumbull No. 2012-T-0076, 2013-Ohio-2839, it overstates the mortgagor's burden.